THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD VELASCO, Defendant-Appellant.

Second District   No. 2—88—0767

Opinion filed May 8, 1990.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

The defendant, Richard Velasco, appeals from the trial court's summary denial of his *pro se* motion to withdraw his guilty plea. The only issue on appeal is whether we must remand this cause to the trial court for further proceedings under Rule 604(d) (107 Ill. 2d R.

604(d)). For the reasons set forth below, we reverse and remand.

The defendant was charged with two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(a)(2)) and one count of aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a)) stemming from a February 3, 1988, attack of a woman in Lake County. Pursuant to a negotiated plea agreement, the defendant pleaded guilty to all three counts lodged against him. In return for the guilty plea, the State agreed not to seek an extended sentence for the defendant. The trial court accepted the plea agreement on May 11, 1988. At a sentencing hearing held on June 15, 1988, the trial court imposed concurrent sentences of 30 years' imprisonment for each count of aggravated sexual assault and five years' imprisonment for aggravated battery.

In a handwritten letter dated July 13, 1988, the defendant informed the trial court that he "would like to withdraw [his] guilty plea and appeal" because the sentence imposed on him was "to [sic] excessive for a first time offender." The letter concluded by requesting of the trial court that "upon arrival of this letter you will put in motion my withdraw [sic] plea of guilty and of my sentence."

On August 3, 1988, the trial court judge stated for the record that he had received the defendant's letter. The court stated that because the defendant's request was "based on a plea" and because "the only thing that he's alleging is [that the sentence is] excessive," it would summarily deny the defendant's motion because the sentence imposed was not excessive. An assistant public defender, representing the defendant, was present in the courtroom, but made no motion or comment regarding defendant's letter.

The defendant now appeals from the trial court's summary denial of his *pro se* motion to withdraw his plea. The defendant argues that the trial court erred by denying him the opportunity to consult with counsel to present adequately a motion to withdraw his guilty plea as required by Rule 604(d). Accordingly, the defendant asks us to remand the cause for further proceedings consistent with Rule 604(d). The State, on the other hand, argues that remand is unnecessary because in actuality the defendant wishes only to appeal the severity of his sentence and not to withdraw his guilty plea. The State contends that the defendant is allowed to appeal this issue directly without further proceedings in the trial court.

Supreme Court Rule 604(d) applies to appeals by a criminal defendant from a judgment entered on a plea of guilty. The rule requires that, before appealing from such a judgment, a defendant must first file a timely motion "to withdraw his plea of guilty and vacate

the judgment." (107 Ill. 2d R. 604(d).) The rule sets out certain procedures to be followed upon the receipt of such a motion:

> "The trial court shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. \*\*\* The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (107 Ill. 2d R. 604(d).)

The defendant argues that, because he was denied the opportunity to consult with counsel regarding his motion, we should remand this cause so that the dictates of Rule 604(d) might be met.

■ We agree with the defendant that, because his motion, albeit in ambiguous terms, requested that he be allowed to withdraw his guilty plea, Rule 604(d) applies in this instance. Rule 604(d) gives a defendant who wishes to withdraw his guilty plea the right to consult with an attorney in the presentment of the motion to the trial court. Although an assistant public defender was present at the brief hearing, the attorney did not consult with defendant as required by Rule 604(d). Because the trial court denied the defendant this opportunity, this cause must be remanded to the trial court for further proceedings in conformity with Rule 604(d).

■ We cannot accept the State's contention that the defendant's motion should be treated, not as a motion to withdraw his plea, but as a motion to reconsider the severity of his sentence. The State contends that the legal theory spelled out in the *pro se* motion clearly indicates that the defendant actually asked the trial court for reconsideration of his sentence, and not for the opportunity to withdraw his plea. We reject this interpretation of the defendant's motion for two reasons. First, the motion twice asked the court, in no uncertain terms, to allow withdrawal of the defendant's guilty plea. Second, the State's willingness to evaluate the legal basis of the defendant's *pro se* motion misses the point of Rule 604(d)'s requirement. It would be contrary to the purpose of the rule to draw a conclusion about the legal basis of the defendant's motion before he has had an opportunity to consult with an attorney to insure that there is legally "adequate presentation of any defects" (107 Ill. 2d R. 604(d)) in his guilty plea proceedings. Because of the "strict waiver requirements of Rule

604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion." *People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 237-38, 528 N.E.2d 375, 377.

The order of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and McLAREN, JJ., concur.