THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD BARNES, Defendant-Appellant.

First District (5th Division)   No. 1—92—3893

Opinion filed May 13, 1994.

Michael J. Pelletier and Manuel S. Serritos, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan Schierl, and Anne-Marie Wilmouth, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

Defendant Richard Barnes was charged with aggravated criminal sexual assault and attempt aggravated criminal sexual assault. On September 14, 1991, defendant pled guilty to both charges. Defendant was sentenced to 30 and 15 consecutive years in prison. On September 23, 1991, defendant filed a *pro se* motion for reduction of sentence alleging:

> "A. I thought in good faith, that a plea of guilty woudn't [*sic*] excese [*sic*] the max[.]
>
> B. I didn't have anyway of defending myself, because I knew nothing of what happen[ed.]
>
> [C.] I felt that my background should've come into play[.]
>
> [D.] I felt that my lawyer pressure[d] me into copping out because he felt that he didn't have a win[.]"

On October 10, 1991, the trial court denied defendant's motion.

Defendant appeals, arguing that: (1) the trial court failed to assure compliance with Supreme Court Rule 604(d)(134 Ill. 2d R. 604(d)); (2) the trial court entered judgement on defendant's guilty plea without proper supporting factual basis; and (3) defendant was inadequately admonished concerning consecutive sentences and the withdrawal of guilty plea process.

Defendant captioned his *pro se* motion "Motion for Reduction of Sentence," but his issues on appeal concern his attempt to withdraw his guilty plea. Although the State urges us to treat defendant's motion only as a motion to reduce defendant's sentence, it is clear that the purpose of defendant's *pro se* motion was also to challenge the entry of his guilty plea. (See *People v. Velasco* (1990),

197 Ill. App. 3d 589, 554 N.E.2d 1094.) We therefore treat defendant's motion as a motion to withdraw his guilty plea.

Supreme Court Rule 604(d) sets forth the following procedural requirements which must be met upon receipt of a defendant's motion to withdraw his plea of guilty:

> "The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defendant is indigent, the trial court shall order a copy of the transcript *** be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defect in those proceedings." (134 Ill. 2d R. 604(d).)

Rule 604(d) "was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." (*People v. Wilk* (1988), 124 Ill. 2d 93, 106, 529 N.E.2d 218, 223.) Recently, our supreme court in *People v. Janes* (1994), 158 Ill. 2d 27, held that Rule 604(d) requires strict compliance, and that the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is remand to the circuit court for the filing of a new motion to withdraw guilty plea and a new hearing on the motion.

■ Our careful review of the record leaves absolutely no doubt that Rule 604(d) was not strictly complied with in this case. Defendant claims that he was denied the right to consult with counsel regarding his Rule 604(d) motion, that he was not represented by counsel during the hearing on his motion and that he did not waive his right to counsel. Defendant was represented at the plea proceeding by Assistant Public Defender Jeffrey Ginsburg. At the hearing on the motion to withdraw the plea, the cover sheet for the report of proceedings for that date, October 10, 1991, reflects that Assistant Public Defender Fred Wellish appeared "on behalf of the Defendant." However, the transcript of the proceedings reveals that Wellish said nothing on behalf of the motion.

In *People v. Velasco* (1990), 197 Ill. App. 3d 589, 590, 554 N.E.2d 1094, the defendant sent the trial court a letter stating that he "would like to withdraw [his] guilty plea and appeal" because the sentence imposed on him was "to [*sic*] excessive for a first time of-

fender." An assistant public defender representing defendant was present in the courtroom, but made no motion or comment regarding defendant's letter. The court concluded that although an assistant public defender was present at the hearing, the attorney did not consult with the defendant as required by Rule 604(d). Because the trial court denied defendant this opportunity, the case was remanded for further proceedings in conformity with Rule 604(d).

We likewise find no indication that defense counsel consulted with defendant regarding the *pro se* motion defendant filed or that defendant received any assistance of counsel. Furthermore, there is no evidence in the record that defendant waived his right to counsel.

Furthermore, defense counsel failed to file a certificate in compliance with Rule 604(d) stating that he examined the trial file and the report of proceedings, and made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings. Nor is it clear whether defendant, who was indigent, was supplied a copy of the transcripts necessary to file his motion attacking the plea. Accordingly, it is abundantly clear that Rule 604(d) was not strictly complied with and that this cause must be reversed and remanded.

Defendant also claims that he was not, and should have been, present during the hearing on the motion to withdraw his guilty plea. Defendant's half-sheet for October 10, 1991, contains the notation "DNP," indicating that defendant was not in fact present at the hearing. While a defendant has no absolute right to be present at a hearing on a motion to vacate a guilty plea, if the motion alleges facts outside the record or raises issues which may not be resolved without an evidentiary hearing, defendant should be present. (See *People v. Ellis* (1980), 81 Ill. App. 3d 351, 401 N.E.2d 282.) We therefore leave it to the trial court to determine on remand whether defendant's new Rule 604(d) motion alleges facts outside the record or raises issues which may not be resolved without an evidentiary hearing, thereby requiring defendant's presence. See *People v. Porter* (1994), 258 Ill. App. 3d 200.

For the reasons set forth above, we reverse the decision of the circuit court and remand with directions. Defendant shall be allowed to file a new motion to withdraw his guilty plea and shall be allowed a new hearing on the motion. The trial court shall require defense counsel to fully comply with Rule 604(d) before proceeding with a new hearing on the motion. This compliance shall be shown in the record. The court shall also determine whether defendant is entitled to be present at the new hearing on the motion, and the court shall make this finding on the record. In light of our decision to reverse

and remand for the reasons set forth above, we need not address defendant's other contentions of error raised in this appeal.

Reversed and remanded.

MURRAY, P.J., and COUSINS, J., concur.