THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHLEEN BARNES, Defendant-Appellant.

Third District   Nos. 3—96—0713, 3—96—0825 cons.

Opinion filed August 22, 1997.

Thomas A. Karalis (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and J. Paul Hoffmann (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant, Kathleen Barnes, previously pled guilty to three counts of unlawful acquisition of a controlled substance (720 ILCS 570/406(b)(3) (West 1994)) and was sentenced to a period of probation. She subsequently admitted to violating the terms of her probation after being charged with three additional counts of unlawful acquisition of a controlled substance. Upon entering into a fully negotiated plea agreement on all six counts, she was sentenced to an aggregate term of eight years' imprisonment. The trial court summarily denied her *pro se* request for sentence modification and the defendant appeals. We reverse.

## FACTS

The defendant was charged by information with three counts of unlawful acquisition of a controlled substance (720 ILCS 570/406(b)(3) (West 1994)), in circuit court case number 96—CF—147, to which she entered a plea of guilty and was sentenced to a term of probation. Thereafter, the State filed a petition to revoke her probation based upon the fact that the defendant had been charged with three additional counts of unlawful acquisition of a controlled substance in case number 96—CF—438.

The public defender was appointed to represent the defendant, and the two cases were consolidated for the purposes of a fully negotiated guilty plea and sentencing hearing. The defendant pled guilty to the new charges and admitted that she had violated her probation. After admonishing the defendant of the rights she was relinquishing in both cases pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), the court accepted the negotiated plea. As per the agreement,

the defendant was sentenced to three concurrent four-year terms on each count in case number 96—CF—147, and to three concurrent four-year terms on each count in case number 96—CF—438. The sentences on the two cases were ordered to run consecutively for a total aggregate sentence of eight years' imprisonment. Thereafter, the court admonished the defendant, in accord with Supreme Court Rules 604(d) and 605(b), of her right to appeal in both cases. 145 Ill. 2d Rs. 604(d), 605(b).

By way of a handwritten letter addressed to the trial judge that was filed within 30 days of sentencing, the defendant requested a modification of her sentence, specifically asking that the four-year terms in each case be modified to run concurrently. Although her letter primarily discussed her sentence, the defendant also explained that, when she agreed to the plea, "I was having bad withdrawals from the prescription drugs I had been calling in and I wasn't thinking very clearly at the time. I'm not trying to make any excuses, it's the truth." The trial court summarily denied the defendant's request without a hearing, finding that "the plea was fully negotiated and Motion for Modification will not lie."

The defendant was granted leave by this court to file a late notice of appeal. On appeal, the defendant argues that the trial judge erred in refusing to entertain her motion to reconsider sentence without first appointing counsel.

## ANALYSIS

The defendant argues that the trial court erred in summarily denying her *pro se* postplea motion to reconsider sentence. She contends Supreme Court Rules 604(d) and 605(b) authorize a defendant to seasonably move for reconsideration of a sentence resulting from a guilty plea and that the same rules require the trial court to offer appointed counsel to an indigent defendant. 145 Ill. 2d Rs. 604(d), 605(b). She asserts that the trial judge erred in refusing to entertain her motion without a hearing and without appointing counsel to represent her despite his admonitions to her regarding those protections following the imposition of sentence.

In response, the State asserts that in *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), our supreme court held that Rule 604(d) is completely inapplicable to defendants who enter into fully negotiated pleas. Consequently, the State argues that the trial judge could not have erred by failing to provide nonexistent protections to this defendant. Rather, the State contends that the defendant is attempting to evade the clear holding of *Evans* and renege on the terms of her negotiated plea agreement.

A trial court's decision to deny a postplea motion to modify sentence or withdraw a guilty plea will not be overturned absent a clear abuse of discretion. See *People v. Davis*, 145 Ill. 2d 240, 244, 582 N.E.2d 714, 716 (1991); *People v. Streit*, 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353 (1991). In the instant case, we find that the trial court abused its discretion by summarily denying the defendant's *pro se* postplea motion without affording her a hearing and the protections promised to her in the court's admonitions, most importantly, the appointment of counsel.

■ After sentencing a defendant upon a plea of guilty, a trial judge has an obligation to admonish the defendant in accord with the provisions of Supreme Court Rules 604(d) and 605(b). Supreme Court Rule 605(b) provides, in pertinent part:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written *motion asking to have the trial court reconsider the sentence* or to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

\* \* \*

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and *counsel will be appointed to assist him with the preparation of the motions;* \*\*\*." (Emphasis added.) 145 Ill. 2d R. 605(b).

Similarly, Supreme Court Rule 604(d) provides, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a *motion to reconsider sentence, if only the sentence is being challenged,* or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. \*\*\* The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, *the trial court shall appoint counsel.*" (Emphasis added.) 145 Ill. 2d R. 604(d).

The defendant does not dispute that the trial judge gave the admonitions required for a defendant sentenced upon a plea of guilty. Nor does the defendant dispute the State's assertion that *Evans* precludes a defendant's motion to reconsider sentence following a fully negotiated plea. However, the defendant argues that the hold-

ing in *Evans* should not be construed to render the appointment of counsel provision of Rule 604(d) unavailable to the defendant in this instance. We agree.

■ The *Evans* case involved the consolidated appeal of two cases in which the defendants sought to unilaterally reduce their sentences after entering into fully negotiated plea agreements by filing post-plea motions to reconsider sentence. *Evans*, 174 Ill. 2d at 321-24, 673 N.E.2d at 245-46. The court held that the provision of Supreme Court Rule 604(d) pertaining to motions to reconsider sentence was not intended to apply to negotiated guilty pleas. The court reasoned that holding otherwise would permit a defendant to negotiate the best possible deal with the State by having certain charges dismissed or modified to obtain a lighter sentence and then permit him to renege on the deal by petitioning the court to reduce the sentence even further. *Evans*, 174 Ill. 2d at 327-28, 673 N.E.2d at 248. Consequently, following the entry of judgment on a negotiated guilty plea, the supreme court determined that if a defendant wants to challenge his sentence, he is obligated to: (1) move to withdraw the guilty plea and vacate the sentence and (2) show that the granting of the motion is necessary to correct a manifest injustice. *Evans*, 174 Ill. 2d at 333, 673 N.E.2d at 250. Under this procedure, if the motion is granted, the parties are returned to the *status quo* existing before the deal was ever made.

We do not believe, however, that the rationale in *Evans* should be expanded to hold that the appointment of counsel provision of Rule 604(d) is inapplicable in such instances.[1] In fact, counsel is even more vital after *Evans* because defendants who enter into fully negotiated guilty pleas are now given inaccurate admonishments with regard to the type of postplea relief they may seek pursuant to Rules 604(d) and 605(b). Specifically, such defendants are advised by the judge that they may file *either* a motion to reconsider sentence *or* a motion to withdraw the plea and vacate the judgment. In light of the *Evans* decision, however, it is clear that they may only obtain relief on the latter basis.

■ We hold that the appointment of counsel provision of Rule 604(d) was intended to apply to all defendants who are sentenced after pleading guilty, regardless of whether the plea is by agreement or

---

[1] In *Evans*, the appointment of counsel provision was immaterial to the defendants, unlike in the instant case, because those defendants were represented by counsel throughout the proceedings and were fully afforded the postplea protections guaranteed by Rule 604(d).

otherwise. This holding is consistent with our supreme cor.t's decision in *Evans* and ensures that the procedural safeguards established by the supreme court rules are maintained in postplea proceedings involving all types of guilty pleas.

■ Having found that the appointment of counsel provision of Rule 604(d) was, in fact, applicable to this defendant, we turn to the question of whether it was error for the trial court to fail to appoint counsel in this instance. It is well settled that a defendant has the right to the aid of an attorney in the preparation and presentation of a motion pursuant to Rule 604(d), and such a motion should not be denied until that representation has been obtained. *People v. Pegues*, 277 Ill. App. 3d 884, 888, 661 N.E.2d 405, 408 (1996). In fact, the trial judge is obligated to appoint counsel in postplea proceedings, even without a specific request from an indigent defendant, unless he finds that the defendant knowingly waives the right to appointed counsel. *People v. Ledbetter*, 174 Ill. App. 3d 234, 238, 528 N.E.2d 375, 377 (1988). Consequently, upon receiving the defendant's motion, the trial judge in the instant case should have ascertained whether the defendant was represented by counsel and, upon a showing of indigence, appointed counsel to assist with the preparation and presentation of the postplea motion. See *People v. Velasco*, 197 Ill. App. 3d 589, 554 N.E.2d 1094 (1990); *People v. Barnes*, 263 Ill. App. 3d 736, 635 N.E.2d 698 (1994).

Upon demonstrating a desire to seek relief from the judgment, the defendant should have been given the opportunity to have the intricacies of the law explained to her by counsel. Thereafter, with the assistance of counsel, the defendant would have had the opportunity to file an amended motion in accord with the *Evans* decision or, in the alternative, abandon her efforts entirely. By summarily denying the *pro se* motion in this case, the trial court improperly denied the defendant the very rights she was misinformed by the court she had.

We also reject the State's argument that summary dismissal was proper in this instance, irrespective of the defendant's appointment of counsel, because the defendant's postplea motion sought a type of relief that is unavailable to defendants who enter into fully negotiated pleas and that it would be inappropriate to permit appointed counsel to "transform" the motion after the fact. The State has failed to recognize the importance of an attorney's guidance to an indigent defendant in crafting an appropriate posttrial motion. This is particularly true in light of the *Evans* decision, which effectively renders the admonishments to such defendants misleading on a crucial issue, namely, the types of postplea motion that they may and may not file.

Moreover, trial judges are under a duty to liberally consider the nature of a *pro se* defendant's postplea motion before summarily dismissing it. See generally *People v. Maltimore*, 268 Ill. App. 3d 532, 536, 644 N.E.2d 478, 482 (1994). It would be contrary to the purpose of the rules to draw a legal conclusion about a defendant's motion before he has had the opportunity to consult with an attorney to ensure that there is legally "adequate presentation of any defects" in his guilty plea proceedings. *Velasco*, 197 Ill. App. 3d at 591, 554 N.E.2d at 1096; see also *Barnes*, 263 Ill. App. 3d 736, 635 N.E.2d 698.

Our reversal in this instance requires the remand of the defendant's guilty plea case as well as her probation revocation case for further proceedings in this instance, notwithstanding that our supreme court, in *People v. Tufte*, 165 Ill. 2d 66, 649 N.E.2d 374 (1995), held that the procedural safeguards of Rules 604(d) and 605(b) are inapplicable to appeals from probation revocation proceedings. Because the instant cases were consolidated for the purpose of a fully negotiated plea and the defendant was admonished that any postplea motions would include her violation of probation, we remand both cases.

Finally, we note that the State points out that the defendant is placing herself in a potentially disadvantageous position by seeking to nullify her guilty plea and negotiated sentence. She is, in fact, subject to possible extended-term sentences in both cases based upon her criminal history, which is evidenced in the record. However, the defendant, with the guidance of counsel, is the only one who should decide whether she wishes to seek withdrawal of her guilty plea. In this case, the trial court abused its discretion in summarily denying her the opportunity to do so.

## CONCLUSION

For the foregoing reasons, the order of the circuit court of Rock Island County is reversed and the cause is remanded for a determination as to the defendant's eligibility for the appointment of counsel and to permit the defendant the opportunity to file an amended postplea motion.

Reversed and remanded.

MICHELA and SLATER, JJ., concur.