THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. TRUSSEL, Defendant-Appellant.

Fourth District    No. 4—10—0023

Opinion filed February 8, 2010.

Michael J. Pelletier, Gary R. Peterson, and Karen Munoz, all of State Appellate Defender's Office, of Springfield, for appellant.

Randall Brinegar, State's Attorney, of Danville (Patrick Delfino and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

This appeal comes to us on the motion of defendant's counsel, the office of the State Appellate Defender (OSAD), for summary remand with directions to strike the notice of appeal, treat the *pro se* motion filed by defendant as a *pro se* postplea motion, and appoint counsel to represent defendant on the motion.

Our facts here are taken from OSAD's motion and its appendix. On December 8, 2009, defendant, Michael A. Trussel, while assisted by counsel, pleaded guilty to the charged offense of battery, a Class A misdemeanor (720 ILCS 5/12—3(a), (b) (West 2008)) and the trial court sentenced him to 1 year's probation with a condition of 30 days in jail to be served as work release. The docket entry states defendant was admonished on his appeal rights.

On December 30, 2009, the Vermilion County circuit court clerk's staff filed defendant's timely *pro se* letter to the court as a notice of appeal. Defendant's letter stated the following:

> "I Michael Trussel wish I [*sic*] apeal [*sic*] my case[.] I feel I did not git [*sic*] a fair trial[.] My lawyer did not git [*sic*] the video from Walmart[.] He told me a [*sic*] did not have a chanc [*sic*] and scared me into taking the plea. I am not guilty. They should have the video[.] I feel that the video is key in my defenc [*sic*]."

The circuit clerk treated this document as a notice of appeal and filed the notice of appeal in this case.

OSAD has filed a motion for summary remand, contending the circuit court clerk ought not have filed the instant notice of appeal. The State has elected not to file a response.

Rule 604(d) provides in pertinent part as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. \*\*\* *The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.* If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost." (Emphasis added.) 210 Ill. 2d R. 604(d).

OSAD maintains that defendant, acting *pro se*, filed what amounts to a postplea pleading indicating his desire to appeal, alleging that he was denied the effective assistance of counsel. OSAD asserts that the *pro se* document suggests defendant needed counsel and Rule 604(d) provides that he was entitled to counsel for the purpose of filing a proper postplea motion and perfecting the appeal. OSAD contends defendant did not request that a notice of appeal be filed, although defendant requested "an appeal." Rather, this document contained the rudiments of an ineffective-assistance-of-counsel claim.

Under these circumstances, OSAD suggests that defendant's *pro se* request was not amenable of resolution through a ministerial act by the circuit court clerk. The document should have been forwarded to a judge, who could then have appointed counsel for the purpose of assisting defendant in perfecting his right to direct appeal. *People v. Barnes*, 291 Ill. App. 3d 545, 550, 684 N.E.2d 416, 420 (1997) (Third District, holding a defendant's handwritten letter addressed to the trial judge triggered the trial court's affirmative duty to appoint counsel to assist the defendant "in the preparation and presentation

of a motion pursuant to Rule 604(d)"). OSAD further contends even if the handwritten letter does not suffice to constitute a postplea motion, a trial judge is required to investigate whether a defendant desires counsel to assist in preparation of a postplea motion whenever a defendant "manifests an interest in appealing." *People v. Griffin*, 305 Ill. App. 3d 326, 331, 713 N.E.2d 662, 665 (1999) (Second District, citing *Barnes*).

In *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38, 528 N.E.2d 375, 377 (1988), this court stated "because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion." So it is in the instant case. We agree with OSAD.

Accordingly, we grant OSAD's motion and remand the cause with directions to strike the notice of appeal, appoint counsel to represent defendant, and proceed in accordance with Rule 604(d).

Remanded with directions.

STEIGMANN and POPE, JJ., concur.