NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180715-U

NO. 4-18-0715

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| BRIAN T. KOCHER, | ) | No. 17CF376 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court remanded for further proceedings in accordance with Illinois Supreme Court Rule 604(d).

¶ 2    Defendant, Brian T. Kocher, pleaded guilty to predatory criminal sexual assault of a child as part of a partially negotiated plea agreement in which the State agreed to cap its sentencing recommendation at 23 years. The trial court subsequently sentenced defendant to 23 years in prison. Within 30 days of being sentenced, defendant *pro se* filed a letter addressed to the trial court in which he requested the court "make a ruling of an ineffective council [*sic*]." A docket entry indicates that "[c]opies [of the letter were] provided to counsel." No further proceedings were had on defendant's letter.

¶ 3        On appeal, defendant argues the trial court erred "when it merely forwarded" his letter to his attorney and the prosecutor, instead of appointing counsel to perfect his postplea claims as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We remand for further proceedings in accordance with Rule 604(d).

¶ 4                            I. BACKGROUND

¶ 5        In March 2017, the State charged defendant by information with three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)), alleging he committed the following acts against the victim, who was under 13 years of age at the time of the alleged conduct: (1) "placed his penis inside her anus" (count I); (2) made contact "between [his] sex organ *** and the [victim's] hand" (count II); and (3) "placed his penis inside her vagina" (count III).

¶ 6        Defendant pleaded guilty to count I in exchange for the State's agreement to dismiss counts II and III and to cap its sentencing recommendation at 23 years' imprisonment. The trial court accepted defendant's plea and, on June 15, 2018, sentenced him to 23 years in prison.

¶ 7        On June 22, 2018, defendant *pro se* sent a letter to the court with the following request: "I would like the judge to make a ruling of an ineffective council [*sic*]." Defendant then listed ten allegations related to defense counsel's representation. A docket entry made on June 22, 2018, reads, in its entirety: "Correspondence received from *** [d]efendant this date. Copies provided to counsel." The record reveals no further proceedings on defendant's letter.

¶ 8        In October 2018, defendant *pro se* filed a motion to withdraw his guilty plea and vacate the judgment. The trial court refused to consider defendant's untimely motion. Defendant filed a late notice of appeal, which we allowed.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11       On appeal, defendant argues the trial court erred "when it merely forwarded" his letter to his attorney and the prosecutor. Specifically, defendant "contend[s] that because he had the right to counsel to assist him in perfecting a postplea motion, and his letter contained the rudiments of an ineffective assistance of counsel claim, Illinois Supreme Court Rule 604(d) required the [trial] court to appoint counsel to perfect a postplea motion consistent with that rule." Defendant relies on two cases in support of his argument: (1) *People v. Trussel*, 397 Ill. App. 3d 913, 931 N.E.2d 266 (2010), and (2) *People v. Barnes*, 291 Ill. App. 3d 545, 684 N.E.2d 416 (1997). Before examining these cases, we must determine the proper standard of review.

¶ 12       Defendant acknowledges that this court generally reviews the denial of a postplea motion under an abuse-of-discretion standard. Nonetheless, he maintains our review in the instant case should be *de novo*, as he has raised a question of law—*i.e.*, whether Rule 604(d) required the trial court to appoint him postplea counsel—that "does not depend on the *** court's assessment of facts or evidence." The State urges us to apply an abuse-of-discretion standard, noting "the salient facts are the evidence of defendant's guilt was overwhelming and the evidence of aggravation at sentencing was overwhelming." However, as pointed out by defendant, the State does not explain why the court had to assess these facts in determining whether Rule 604(d) required the appointment of counsel, nor does the State cite to any authority in support of this position. Thus, we find the State has forfeited its argument, and we will apply a *de novo* standard of review, which we agree is appropriate in this case given the straightforward and undisputed facts. See Ill. S. Ct. R. 341(i) (eff. May 25, 2018) (providing that failure to fully explain arguments and cite to authority in the appellee brief results in forfeiture).

¶ 13     As noted above, defendant relies on two cases in support of his argument that he was entitled to the appointment of postplea counsel.

¶ 14     In *Trussel*, the defendant pleaded guilty to battery and was sentenced to a term of probation. *Trussel*, 397 Ill. App. 3d at 913. Within 30 days of being sentenced, the defendant *pro se* sent a letter to the trial court, which read as follows:

> "I *** wish I [*sic*] ap[p]eal my case. I feel I did not g[e]t a fair trial. My lawyer did not g[e]t the video from Walmart. He told me [I] did not have a chanc[e] and scared me into taking the plea. I am not guilty. They should have the video. I feel that the video is key in my defen[se]." *Trussel*, *Id.* at 914.

The circuit clerk treated the letter as a notice of appeal. *Id.* On appeal, the defendant argued his letter "should have been forwarded to a judge, who could then have appointed counsel for the purpose of assisting [the] defendant in perfecting his right to direct appeal." *Id.* This court agreed and remanded with directions to appoint postplea counsel "and proceed in accordance with Rule 604(d)." *Id.* at 915. In doing so, we reasoned that " 'because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion.' " *Id.* (quoting *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38, 528 N.E.2d 375, 377 (1988)).

¶ 15     In *Barnes*, the Third District analyzed "the question of whether it was error for the trial court to fail to appoint [postplea] counsel ***." *Barnes*, 291 Ill. App. 3d at 550. There, the defendant initially pleaded guilty to unlawful acquisition of a controlled substance and received a sentence of probation. *Id.* at 546. While on probation, the defendant was charged in a second case with additional counts of the same offense; she subsequently admitted to violating her probation, entered a negotiated plea of guilty, and was sentenced to four-year terms of

imprisonment in each case, with the sentences to be served consecutively. *Id.* at 546-47. Within 30 days of sentencing, and "[b]y way of a handwritten letter addressed to the trial judge ***, the defendant requested a modification of her sentence ***." *Id.* at 547. In the letter, the defendant mostly discussed her sentence but "also explained that when she agreed to the plea, 'I was having bad withdrawals from the prescription drugs I had been calling in and I wasn't thinking very clearly at the time. I'm not trying to make any excuses, it's the truth.' " *Id.* The trial court summarily denied the defendant's request without a hearing due to the negotiated nature of the plea. *Id.*

¶ 16          On appeal, "the defendant argue[d] that the [court] erred in refusing to entertain her motion to reconsider sentence without first appointing counsel." *Id.* The Third District agreed, concluding that "upon receiving the defendant's motion, the trial judge *** should have ascertained whether the defendant was represented by counsel, and upon a showing of indigence, appointed counsel to assist with the preparation and presentation of the post-plea motion." *Id.* at 550. The *Barnes* court reasoned that (1) it is "well settled that a defendant has the right to the aid of an attorney in the preparation and presentation of a motion pursuant to Rule 604(d), and such a motion should not be denied until that representation has been obtained"; and (2) "trial judges are under a duty to liberally consider the nature of a *pro se* defendant's post-plea motion before summarily dismissing it." *Id.* at 550-51. The *Barnes* court went on to explain:

> "Upon demonstrating a desire to seek relief from the judgment, the defendant should have been given the opportunity to have the intricacies of the law explained to her by counsel. Thereafter, with the assistance of counsel, the defendant would have had the opportunity to file an amended motion *** or, in the alternative, abandon her efforts entirely." *Id.* at 550.

¶ 17        Here, within 30 days of being sentenced, defendant *pro se* sent a letter to the trial

court with the following request: "I would like the judge to make a ruling of an ineffective

council [*sic*]." Defendant then set forth ten allegations describing defense counsel's ineffective

representation. A docket entry made on June 22, 2018, reads, in its entirety: "Correspondence

received from *** [d]efendant this date. Copies provided to counsel." The record reveals no

further proceedings on defendant's letter. Defendant subsequently filed a motion to withdraw his

guilty plea, but the trial court denied that motion as untimely.

¶ 18        Applying *Trussel* and *Barnes* to the facts of this case, we agree that the trial court

erred in failing to directly address defendant's *pro se* letter. As noted by the *Barnes* court, it is

well-settled that criminal defendants have "the right to the aid of an attorney in the preparation

and presentation of a motion pursuant to Rule 604(d), and such a motion should not be denied

until that representation has been obtained." *Id.* Although defendant's letter was not labeled as a

motion to withdraw his plea, the court was under a duty to liberally construe the *pro se*

document. See, *e.g.*, *id.* at 551. Liberally construed, defendant's letter—in which he explicitly

raised allegations of ineffective assistance of counsel and requested a ruling on those claims—

demonstrated his desire to seek relief from the judgment entered upon his plea. Because

defendant demonstrated his desire to seek relief, he was entitled, under Rule 604(d), "to the aid

of an attorney in the preparation and presentation of a [Rule 604(d)] motion ***." *Id.* at 550.

Moreover, as we noted in *Trussel*, "because of the strict waiver requirements of Rule 604(d),

fundamental fairness requires that a defendant be afforded a full opportunity to explain his

allegations and that he have assistance of counsel in preparing the motion." (Internal quotation

marks omitted.) *Trussel*, 397 Ill. App. 3d at 915. This legal proposition is especially applicable in

the instant case, as defendant's subsequent motion to withdraw his guilty plea was denied as

untimely. Accordingly, we find the court erred in failing to treat defendant's *pro se* letter as a Rule 604(d) motion and appoint postplea counsel.

¶ 19　　　　The State's argument for the opposite conclusion is unpersuasive. According to the State, defendant's reliance on *Trussel* and *Barnes* is misplaced, as the defendants in those cases raised allegations related to the voluntariness of their guilty pleas, whereas "[h]ere, defendant made no such allegation that his plea was involuntary or that he was not guilty of the crime of which he was convicted." However, the State fails to point to any language in *Trussel* or *Barnes* in support of its position that an allegation of involuntariness or innocence is a necessary condition to the application of Rule 604(d). Instead, the *Trussel* court merely noted the defendant's letter "contained the rudiments of an ineffective-assistance-of-counsel claim" (*id.* at 914) while the *Barnes* court found the defendant had "demonstrate[ed] a desire to seek relief from the judgment" (*Barnes*, 291 Ill. App. 3d at 550). Moreover, the State fails to address the fact that a guilty plea may be rendered involuntary by the ineffective assistance of counsel. See, *e.g.*, *People v. Clark*, 386 Ill. App. 3d 673, 676, 899 N.E.2d 342, 345 (2008).

¶ 20　　　　　　　　　　　　　III. CONCLUSION

¶ 21　　　　For the reasons stated, we remand the cause for the appointment of counsel to assist defendant in the preparation and litigation of a Rule 604(d) motion if defendant wishes to pursue such a course.

¶ 22　　　　Remanded with directions.