NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200610-U

NO. 4-20-0610

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 21, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| BRIAN T. KOCHER, | ) | No. 17CF376 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jason M. Bohm, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: Remand for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) is not required because, during a full and fair hearing on defendant's motion to withdraw guilty plea, the trial court received evidence relating to all of defendant's allegations of error, and the evidence showed that defendant could not, under the circumstances presented, establish a claim of ineffective assistance of counsel.

¶ 2     In April 2018, defendant, Brian T. Kocher, pleaded guilty to predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)). He was sentenced to 23 years in prison. After his sentencing hearing, defendant *pro se* sent the trial court a letter alleging he had received ineffective assistance of plea counsel and, separately, filed a motion to withdraw his guilty plea. The court did not consider defendant's letter and dismissed defendant's motion to withdraw his guilty plea as untimely. Defendant appealed, arguing the court should have treated his *pro se* letter as a postplea motion for purposes of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

We agreed and remanded the case for compliance with that rule. *People v. Kocher*, 2020 IL App (4th) 180715-U, ¶ 21.

¶ 3 On remand, postplea counsel filed an amended motion to withdraw defendant's guilty plea, which the trial court denied following a hearing. Defendant appeals, arguing he is entitled to a second remand because postplea counsel failed to strictly comply with Rule 604(d). We affirm.

¶ 4                                    I. BACKGROUND

¶ 5 In March 2017, the State charged defendant with three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)). Two of the charges alleged that defendant had sexually penetrated J.C., a minor. The third charge alleged defendant had sexual contact with J.C.

¶ 6 In July 2017, defendant retained Walter Ding, a private attorney, to represent him. Defendant's cause was continued several times at Ding's request.

¶ 7 In November 2017, the State moved the trial court pursuant to sections 115-10 and 115-13 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10, 115-13 (West 2016)) to allow, as an exception to the hearsay rule, testimony of several witnesses to whom J.C. made statements relating to the defendant's conduct. Following a hearing, the trial court granted the State's motion.

¶ 8 On April 23, 2018, defendant entered a guilty plea. In exchange for defendant's plea, the State agreed to dismiss two of the counts and to cap its sentencing recommendation at 23 years in prison. During the plea hearing colloquy, defendant agreed that his guilty plea was "voluntary" and entered "of [his] own free will." The State provided a factual basis in support of defendant's plea, informing the court that, on March 11, 2017, defendant, who was 21 years old at

- 2 -

the time, and his friend were babysitting the friend's cousin, J.C., who was 9 years old at the time, while J.C.'s parents were at work. At a certain point, J.C. and defendant went to J.C.'s room where defendant "removed her clothing and *** placed his penis in her anus." The assistant state's attorney further proffered that defendant admitted he had sexual contact with J.C. but "characterized [J.C.], the nine-year-old, as the sexual aggressor." The court ultimately accepted defendant's plea.

¶ 9    On June 15, 2018, the trial court conducted defendant's sentencing hearing. During the hearing, the State presented two witnesses in aggravation, a current and a former law enforcement officer. Both witnesses testified that, in 2009, they had investigated allegations by defendant's sisters that he had anally penetrated them. The State's second witness further testified that, during the course of his investigation, defendant had admitted to the misconduct. The State also presented victim impact statements from J.C. and from J.C.'s mother. Defendant's mother testified in mitigation. At the end of the hearing, the court sentenced defendant to 23 years in prison.

¶ 10    On June 22, 2018, the trial court received a *pro se* letter from defendant, stating:

"I would like the judge to make a ruling of an ineffective council [*sic*]

1. I only talked to Walter [D]ing on the phone once on July 10, 2017.

2. The only time I could talk to Mr. Ding was in court on 7/10/17, 8/22/17, 10/26/17, 1/03/18, [and] 4/23/18.

3. Mr. Ding told my parents he would come see me and talk to me on 6 different occasions. But he never has.

4. Mr. Ding signed papers to give my DNA without notifying me.

5. Mr. Ding also has been making decisions without informing or consulting

- 3 -

me about it.

6. Mr. Ding has been asking for continuances on my behalf without informing or consulting me.

7. I have also been asking Mr. Ding to see my discovery but he has never shown up to show me.

8. The only way I can get my voice across to Mr. Ding is to contact my parents and they have to call him.

9. Mr. Ding says there's a video and audio of a confession but hasn't shown me.

10. On 11/03/17 Walter Ding was supposed to *limine* [*sic*] my past but didn't."

The court filed defendant's letter and provided copies to the parties. The record does not reflect that the court took any other action with respect to defendant's letter.

¶ 11 On October 5, 2018, defendant *pro se* filed a motion to withdraw his guilty plea. The motion did not identify a basis for the relief requested and only stated that defendant was incarcerated. The trial court dismissed defendant's motion as untimely.

¶ 12 Subsequently, defendant filed a late notice of appeal, which we allowed. On appeal, defendant argued the trial court erred in failing to treat his *pro se* letter as a postplea motion for purposes of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *Kocher*, 2020 IL App (4th) 180715-U, ¶ 11. We agreed and remanded defendant's cause "for the appointment of counsel to assist defendant in the preparation and litigation of a Rule 604(d) motion if defendant wishe[d] to pursue such a course." *Id.* ¶ 21.

¶ 13 On remand, Alia Horwick, an assistant public defender, was assigned to represent

defendant in the postplea proceedings. Several weeks later, Horwick filed a Rule 604(d) certificate and an amended motion to withdraw guilty plea. As relevant to this appeal, the amended motion stated:

> "The Defendant asserts that his decision to plead guilty was the result of ineffective assistance of counsel. Specifically, the Defendant asserts the following:
>
> a. Defendant asked his attorney, Walter Ding, to file a Motion for Substitution of Judge. Mr. Ding failed to file this motion.
>
> b. That his counsel Walter Ding only spoke with Defendant on one occasion outside of court on July 10, 2017.
>
> c. That Defendant was only able to speak with Mr. Ding at court appearances.
>
> d. Walter Ding asked for continuances without consulting or informing Defendant.
>
> e. Mr. Ding never reviewed discovery with Defendant even though Defendant requested to do so."

The motion did not include an affidavit or any exhibits in support of its factual allegations.

¶ 14          On December 3, 2020, the trial court conducted a hearing on defendant's amended motion. During the hearing, defendant testified on his own behalf. According to defendant, Ding had never met with him in person outside of the courtroom, had never spoken with him about his case except during court proceedings, and had never "discuss[ed] any aspects of the case with [him] at all." Defendant also testified that he had told Ding "on three different occasions" that he wanted to proceed to trial. In response to defendant's requests for a trial, Ding "[b]asically just shrugged and moved on." Defendant concluded that, because of Ding's conduct, he "felt kind of

pressured" to accept the plea agreement because he "felt like if [Ding] wasn't going to listen to [him] anyways, [he] might as well go through with it."

¶ 15         Ding testified for the State. According to Ding, he had met with defendant at the Champaign County jail at least twice, had spoken with defendant on the phone on multiple occasions, and had "discussed every aspect of the case with [defendant]." Ding testified that his decision to ask for continuances was part of his "trial strategy" to "try[ ] to get the State's Attorney's office to come down on a negotiation or come with a better offer." Ding further testified that defendant had never asked him to request a substitution of trial judge and, even if he had, by the time Ding was retained, it was too late to request a substitution as a matter of right and he was unaware of any basis that would permit a substitution for bias or prejudice. Ding confirmed that defendant had expressed a desire to proceed to trial "earlier on in his case" but, "as more evidence came in regarding his involvement in this situation," defendant eventually agreed "that an appropriate way to resolve the case would be a negotiated plea." Although Ding "recommend[ed]" that defendant accept a plea, Ding "did not force him into it." Ding further testified that the "main factor" in his recommendation was the "evidence available to the State," which included statements from witnesses who had interviewed J.C. regarding defendant's conduct; a recorded, "self-incriminating" statement by defendant admitting to sexual contact with J.C.; and the results of a forensic examination which showed that defendant was a "potential contributor" to a DNA sample that had been taken from J.C.'s underwear.

¶ 16         After the presentation of evidence, the trial court denied defendant's motion to withdraw his guilty plea. In weighing the conflicting testimony between defendant and Ding, the court concluded, "I don't think that [defendant's] testimony makes sense in light of the record given, the demeanor that I was able to observe both of [defendant]'s testimony and Mr. Ding's

testimony. I find Mr. Ding far more credible." The court concluded:

"I do not find that the Defendant plead[ed] guilty because he was pressured or forced as he testified today. *** In fact, I believe he plead[ed] guilty because he was overwhelmingly guilty of the case.

There is no basis to believe that he would have taken on the suicide mission of going to trial given the evidence against him. His own confession of what he did to this nine-year-old girl. I believe that the truth is that he took the deal to plead guilty voluntarily, knowingly. In fact, I believe it was a good deal that he took that capped him at 23 years."

¶ 17     This appeal followed.

¶ 18                              II. ANALYSIS

¶ 19     On appeal, defendant argues Horwick failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Defendant contends that, although Horwick filed a "technically compliant" Rule 604(d) certificate, the record rebuts the certificate and demonstrates that the motion Horwick filed was "legally incognizable."

¶ 20     Illinois Supreme Court Rule 604(d) "governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." (Internal quotation marks omitted.) *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 29. In pertinent part, the rule provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

***

The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit \*\*\*. \*\*\* The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.

\*\*\* The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Rule 604(d) "is designed both to protect defendant's due process rights and to eliminate unnecessary appeals." *People v. Shirley*, 181 Ill. 2d 359, 362, 692 N.E.2d 1189, 1191 (1998). The rule affords the trial court the opportunity to "consider any allegations of impropriety that took place *dehors* the record and correct any error that may have led to the guilty plea." *Id.* at 361.

¶ 21 "It is firmly established that the certificate filed by counsel must strictly comply with the requirements of Rule 604(d). [Citation.] If the certificate fails to meet this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d)." *People v. Easton*, 2018 IL 122187, ¶ 26, 123 N.E.3d 1074. "[E]ven when the certificate is valid on its face, a remand will be necessary if the record refutes the certificate." *People v. Winston*, 2020 IL App (2d) 180289, ¶ 14, 155 N.E.3d 1125. "The issue of compliance

with Rule 604(d) presents a legal question that we review *de novo*." *Easton*, 2018 IL 122187, ¶ 25.

¶ 22        As stated above, defendant acknowledges that Horwick's Rule 604(d) certificate complied with the requirements set forth in that rule. However, defendant contends that, despite the certificate, the record shows that Horwick failed to comply with Rule 604(d) in two specific ways. First, defendant contends Horwick failed to "ma[k]e any amendments to the motion necessary for the adequate presentation of any defects in those proceedings" because the "bare allegations that Ding was ineffective did not amount to a properly pled claim of ineffective assistance of counsel, as required for plea withdrawal on that basis." Defendant also argues Horwick failed to file an affidavit in support of his allegations of ineffective assistance. Defendant concludes that, as a result of these errors, a second remand is required. We reject defendant's argument because defendant received a full and fair hearing on his motion where the trial court received evidence relating to all of defendant's allegations of error, which showed that defendant could not, under the circumstances presented, establish a meritorious claim of ineffective assistance of counsel.

¶ 23        We first address defendant's argument that the record refutes Horwick's Rule 604(d) certificate and shows she failed to "ma[k]e any amendments to the motion necessary for the adequate presentation of any defects in those proceedings" because the "bare allegations that Ding was ineffective did not amount to a properly pled claim of ineffective assistance of counsel." As defendant correctly notes, a defendant may be allowed to withdraw his guilty plea if he received ineffective assistance of counsel prior to entering his plea. *People v. Glover*, 2017 IL App (4th) 160586, ¶ 39, 85 N.E.3d 815. To establish a claim of ineffective assistance in the guilty plea context, a defendant must demonstrate that: (1) "his counsel's performance fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *People v. Brown*, 2017 IL 121681, ¶¶ 25-26, 102 N.E.3d 205. The defendant must satisfy both prongs of the ineffective assistance of counsel standard, and his failure to satisfy either prong precludes a finding of ineffectiveness. *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 11, 93 N.E.3d 664.

¶ 24        A defendant may satisfy the second prong of the ineffective assistance of counsel standard in one of the following ways. Where a defendant's claim of ineffective assistance relates to his prospects at trial, the defendant must present "a claim of innocence or a plausible defense." *Brown*, 2017 IL 121681, ¶ 45. Where a defendant's claim relates to counsel's advice regarding the consequences of a guilty plea, the defendant must demonstrate "that a decision to reject the plea bargain would have been rational under the circumstances." (Internal quotation marks omitted.) *Id.* ¶ 48. Here, defendant cannot meet any of these requirements.

¶ 25        Based on the evidence presented at the hearing on defendant's motion to withdraw his guilty plea, it is clear that if defendant had elected to proceed to trial, he very probably would have been convicted. The evidence of defendant's guilt was overwhelming. Multiple witnesses, including two doctors, would testify that J.C. had reported to them that defendant penetrated her. Even more damaging, the State had available a recorded confession from defendant in which he admitted to sexual contact with J.C. and had evidence that defendant was a potential contributor to a DNA sample taken from J.C.'s underwear. This evidence forecloses even the possibility that defendant could present a claim of innocence or a plausible defense to the State's charges. Defendant also cannot show that a decision to reject the State's offer would have been rational under the circumstances. "To make this assessment, a court 'compare[s] the consequences of a defendant's conviction following a trial to the consequences of the defendant entering the guilty

plea.' " *People v. Jones*, 2021 IL App (1st) 182392, ¶ 44 (quoting *Brown*, 2017 IL 121681, ¶ 36). The State charged defendant with three counts of predatory criminal sexual assault of a child, each of which carried a potential term of imprisonment between 6 and 60 years. 720 ILCS 5/11-1.40(b)(1) (West 2016). Even if defendant were only convicted on one of the charged offenses, or if the charges were to merge following a trial, the maximum sentence defendant faced would still have been nearly three times longer than the sentencing cap offered by the State. In light of the aggravating evidence presented during defendant's sentencing hearing which showed that defendant had previously committed acts of anal penetration similar to the present offense, and given the trial court's comments that defendant received a "good deal," it is highly unlikely that he would have received a lesser sentence had he not accepted a plea deal, and we find that a decision to reject the State's offer would not have been rational under the circumstances.

¶ 26        For the reasons stated above, defendant cannot establish that, but for Ding's allegedly deficient performance, he would not have pleaded guilty. Therefore, defendant cannot establish a claim of ineffective assistance of counsel. Because defendant cannot establish a claim of ineffective assistance, it follows that no amendments to defendant's original motion to withdraw his guilty plea were "*necessary* for adequate presentation" of such claims. (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In other words, the evidence presented at the hearing on defendant's motion demonstrates that no amendments were necessary because no amendments could have salvaged his meritless claims. Thus, contrary to defendant's claim, the record does not rebut Horwick's certificate that she complied with Rule 604(d).

¶ 27        Defendant also contends that Horwick failed to comply with Rule 604(d) because she failed to file an affidavit in support of his allegations of ineffective assistance. As previously stated, Rule 604(d) requires that, when a motion to withdraw a guilty plea is "based on facts that

- 11 -

do not appear of record[,] it shall be supported by affidavit." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). At the time Horwick filed the amended motion to withdraw guilty plea, all of defendant's allegations of ineffective assistance of counsel concerned matters outside of the record. Therefore, defendant was required to file an affidavit in support of his contentions of error. However, we find that, despite this error, remand is not required. In reaching this conclusion, we find our supreme court's decision in *Shirley* instructive.

¶ 28 In *Shirley*, following the defendant's plea of guilty, he timely filed a motion to reduce his sentence, claiming his sentence was excessive. *Shirley*, 181 Ill. 2d at 363-64. After a hearing, the trial court denied the defendant's motion. *Id.* at 364. The defendant appealed, and the cause was remanded because the defendant's counsel had failed to file a Rule 604(d) certificate. *Id.* On remand, the defendant's counsel filed both a compliant Rule 604(d) certificate and a motion to withdraw as counsel. *Id.* at 364-65. The trial court granted the motion to withdraw and appointed new counsel to represent the defendant. *Id.* at 365. The defendant's new counsel filed an amended motion to reduce the defendant's sentence, again claiming the defendant's sentence was excessive. *Id.* At a hearing on the amended motion, the defendant's counsel stated she "agreed with the statements which prior trial counsel had made during the sentencing and at the original motion to reconsider or reduce sentences." *Id.* at 365-66. The court denied the defendant's amended motion. *Id.* Four days after the hearing, defense counsel filed a compliant Rule 604(d) certificate. *Id.*

¶ 29 On appeal, the defendant argued a second remand was required because his defense counsel had failed to strictly comply with Rule 604(d) in that her certificate had not been filed prior to the hearing on the amended motion. *Id.* at 367. Our supreme court rejected the defendant's argument, finding that Rule 604(d) must not be applied "so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing." *Id.* at

369. Instead, the court concluded, where "the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, [there is] limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id.* The court reviewed the merits of the defendant's excessive sentence claim, noting that, as part of the plea bargain, the State had agreed to cap its sentencing recommendation, which resulted in the defendant receiving a prison sentence that was less than one-third of the potential maximum sentence. *Id.* at 370. The court concluded:

> "There is nothing in the record, or in the two motions to reduce sentences, or in the two Rule 604(d) certificates filed by two different attorneys, which indicates any reason why this court should remand the cause for a third hearing on defendant's claim that his sentence[ ] [was] excessive. In light of all these circumstances, requiring another remand and hearing on the motion to reduce sentences would be an empty and wasteful formality." *Id.*

¶ 30    Despite its holding, the *Shirley* court emphasized that its decision "in no way retreat[ed] from [the requirement of] strict compliance with [Rule 604(d)]." *Id.* Thus, the case "does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d)." *People v. Evans*, 2017 IL App (3d) 160019, ¶ 24, 72 N.E.3d 421. Instead, the case "stands for the proposition that where a defendant receives a full and fair hearing, technical noncompliance with Rule 604(d) need not give rise to multiple remands." *Id.* "[I]t is the *substantive* compliance with the Rule 604(d) certification requirements that ensures a full and fair postplea hearing." (Emphasis in original.) *Id.*

¶ 31    Like the defect in *Shirley*, we find that Horwick's failure to file an affidavit in support of defendant's claims constitutes a technical rather than a substantive error. Despite this error, defendant was not deprived of the due process protections that Rule 604(d) was intended to

provide. In defendant's motion, he claimed that Ding failed to file a motion to substitute trial judge, communicate with him regarding his case, consult with him before requesting continuances, and review discovery with him. At the hearing on defendant's motion, he was provided a meaningful opportunity to present evidence in support of these assertions, and he did so. The trial court rejected defendant's testimony in favor of Ding's, finding that Ding was more credible. Such was the trial court's prerogative. See *People v. Nieto-Roman*, 2019 IL App (4th) 180807, ¶ 35, 152 N.E.3d 547 ("A reviewing court affords great deference to the circuit court's assessment of the witnesses' credibility because the circuit court is in a superior position to determine and weigh the credibility of the witnesses, observe the witnesses' demeanor, and resolve conflicts in their testimony." (Internal quotation marks omitted.)). We acknowledge that during the hearing, Horwick failed to question defendant about his assertion that Ding refused to file a motion to substitute trial judge. However, Ding testified that defendant had never asked him to file such a motion, the time to request a substitution of judge as of right had already passed by the time defendant retained him, and he was unaware of any basis for an allegation of bias or prejudice that would have supported a substitution for cause (see 725 ILCS 5/114-5(d) (West 2016)). In light of the court's finding that Ding's testimony was more credible than defendant's, it cannot be argued that Horwick's failure to ask defendant about this claim denied him the benefit of Rule 604(d).

¶ 32    Despite Horwick's failure to file an affidavit, defendant was provided a full and fair second opportunity to present his claims of error to the trial court. During the hearing on defendant's motion, the trial court was presented with evidence from which it could assess all of defendant's allegations of ineffective assistance arising *dehors* the record. The trial court rightly determined that no relief was warranted. Thus, a second remand requiring a second hearing on defendant's claims would be an empty and wasteful formality.

¶ 33                                III. CONCLUSION

¶ 34        For the reasons stated, we affirm the trial court's judgment.

¶ 35        Affirmed.