NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210060-U

NOS. 4-21-0060, 4-21-0061 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 1, 2022
Carla Bender
4ᵗʰ District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| TRISTA R. OATMAN, | ) | Nos. 19CF134 |
| Defendant-Appellant. | ) | 19CF162 |
| | ) | |
| | ) | Honorable |
| | ) | Michael L. Stroh, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court remanded for further proceedings in accordance with Illinois
Supreme Court Rule 604(d).

¶ 2        In December 2020, defendant, Trista R. Oatman, pleaded guilty to two counts of

aggravated driving while license revoked (625 ILCS 5/6-303(a) (West 2018)). The trial court

accepted defendant's fully negotiated guilty plea and sentenced her to seven years'

imprisonment. Within 30 days of being sentenced, defendant *pro se* sent a letter addressed to the

circuit clerk in which she sought "reconsideration of [her] 2 charges" and "a public defender

please." A docket entry indicated, "BASED ON D'S REQUEST, CLERK DIRECTED TO FILE

A NOTICE OF APPEAL ON BEHALF OF D. PD APPT'D." No further proceedings were had

on defendant's letter.

¶ 3        Defendant appeals, arguing the trial court erred when it "directed the Circuit Clerk to file a notice of appeal" and made "no attempt *** to either contact [defendant's] attorney of record or comply with her request for appointed counsel" to perfect her postplea claim as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We remand for further proceedings in accordance with Rule 604(d).

¶ 4                                    I. BACKGROUND

¶ 5        At a hearing on December 29, 2020, defendant entered a fully negotiated guilty plea to two counts of aggravated driving while license revoked (625 ILCS 5/6-303(a) (West 2018)). The State provided the following factual basis for defendant's plea. In Woodford County case No. 19-CF-134, Officer Darren Donald of the Metamora Police Department "observed [a sport utility vehicle (SUV)] traveling east on Route 116 at Hanover traveling at a high rate of speed" at approximately 11:32 p.m. on July 16, 2019. As the vehicle got closer, Donald "observed the front end deep down and the vehicle quickly slowed down." Donald "followed the vehicle, performed records check on the registration, and *** the vehicle return[ed] to an Emma Howell." Donald also "observed Howell to have a GDL driver's license *** which [meant] the vehicle was out past when Ms. Howell should be driving." Donald initiated a traffic stop and "found *** defendant as the actual driver of the vehicle." Defendant told Donald her driver's license was suspended and, after confirming her suspension, Donald issued defendant a traffic citation for driving on a suspended license.

¶ 6        In Woodford County case No. 19-CF-162, Donald "observed a maroon SUV drive in front of him and turn north on 89" while he was parked in the parking lot of Geo's Pizza in Metamora, Illinois, at approximately 10:53 p.m. "on September 12th, 2019—or September 11th, 2019." As the SUV drove in front of him, Donald observed defendant driving, who he

"knew *** had a revoked driver's license. He then made a stop *** and took her into custody at that time for driving on a *** revoked license."

¶ 7        The trial court accepted defendant's guilty plea as knowing and voluntary and, pursuant to the fully negotiated plea, imposed consecutive sentences of three years' imprisonment in Woodford County case No. 19-CF-134 and four years' imprisonment in Woodford County case No. 19-CF-162.

¶ 8        On January 4, 2021, the Woodford County circuit clerk's office received a letter from defendant asking about the disposition of various bonds since her sentencing, including those forfeited due, according to the record, to her previous failures to appear. She also requested a "financial waiver application form" and "any/all documents pertaining to [her] case."

¶ 9        On January 26, 2021, the clerk's office received another letter from defendant with the following request:

> "I can no longer afford [private counsel] and I don't believe he even attempted to care about me or my case. I am guilty as charged in regards to me driving on revoked licence [*sic*] tickets, but I don't feel that 7 years is justifiable. I want to appeal my sentencing please. I need a public defender please. And I would like a reconsideration of my 2 charges. I'm content with them except I feel they should be ran [*sic*] concurrent not consecutive, and am willing to do 2 yrs [*sic*] parole instead of one. Thank you for any help you can advise me, I truly don't know what to do."

¶ 10        A docket entry made on January 27, 2021, read, "BASED ON D'S REQUEST, CLERK DIRECTED TO FILE A NOTICE OF APPEAL ON BEHALF OF D. PD APPT'D. NOTICE OF APPEAL EFILED TO APPELLATE COURT. COPIES EMAILED TO

APPELLATE DEFENDER ALONG WITH RECORD SHEETS AND GIVEN TO DEF [*sic*] IN CUSTODY." The record reveals no further proceedings on defendant's letter.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 On appeal, defendant argues the trial court incorrectly treated her *pro se* letter requesting reconsideration of her sentence as a notice of appeal. Accordingly, defendant maintains we must remand and direct the trial court to appoint counsel and conduct further proceedings in strict compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 14 Rule 604(d) provides, in pertinent part, "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Once the postplea motion is filed, it "shall be presented promptly" to the trial court, who "shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Filing a timely Rule 604(d) motion is a condition precedent to appealing a judgment entered on a guilty plea, and failure to do so precludes the appellate court from addressing the merits of the appeal and the appeal must be dismissed. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40, 944 N.E.2d 337, 341-42 (2011).

¶ 15 In support of her argument, defendant points our attention to *People v. Barnes*, 291 Ill. App. 3d 545, 684 N.E.2d 416 (1997). In *Barnes*, the Third District analyzed "the question of whether it was error for the trial court to fail to appoint [postplea] counsel." *Barnes*, 291 Ill. App. 3d at 550. There, the defendant initially pleaded guilty to unlawful acquisition of a controlled substance and received a sentence of probation. *Barnes*, 291 Ill. App. 3d at 546. While

on probation, the defendant was charged in a second case with additional counts of the same offense; she subsequently admitted to violating her probation, entered a negotiated plea of guilty, and was sentenced to four-year terms of imprisonment in each case, with the sentences to be served consecutively. *Barnes*, 291 Ill. App. 3d at 546-47. Within 30 days of sentencing, and "[b]y way of a handwritten letter addressed to the trial judge \*\*\*, the defendant requested a modification of her sentence." *Barnes*, 291 Ill. App. 3d at 547. In the letter, the defendant mostly discussed her sentence but "also explained that when she agreed to the plea, 'I was having bad withdrawals from the prescription drugs I had been calling in and I wasn't thinking very clearly at the time. I'm not trying to make any excuses, it's the truth.' " *Barnes*, 291 Ill. App. 3d at 547. The trial court summarily denied the defendant's request without a hearing due to the negotiated nature of the plea. *Barnes*, 291 Ill. App. 3d at 547.

¶ 16         On appeal, the defendant argued that the trial court erred in refusing to entertain her motion to reconsider sentence without first appointing counsel. *Barnes*, 291 Ill. App. 3d at 547. The Third District agreed, concluding, "upon receiving the defendant's motion, the trial judge \*\*\* should have ascertained whether the defendant was represented by counsel, and upon a showing of indigence, appointed counsel to assist with the preparation and presentation of the post-plea motion." *Barnes*, 291 Ill. App. 3d at 550. The *Barnes* court reasoned (1) "it is well settled that a defendant has the right to the aid of an attorney in the preparation and presentation of a motion pursuant to Rule 604(d), and such a motion should not be denied until that representation has been obtained" and (2) "trial judges are under a duty to liberally consider the nature of a *pro se* defendant's post-plea motion before summarily dismissing it." *Barnes*, 291 Ill. App. 3d at 550-51. The *Barnes* court went on to explain:

"Upon demonstrating a desire to seek relief from the judgment, the defendant should have been given the opportunity to have the intricacies of the law explained to her by counsel. Thereafter, with the assistance of counsel, the defendant would have had the opportunity to file an amended motion *** or, in the alternative, abandon her efforts entirely." *Barnes*, 291 Ill. App. 3d at 550.

¶ 17　　　　In *People v. Trussel*, 397 Ill. App. 3d 913, 931 N.E.2d 266 (2010), the defendant pleaded guilty to battery and was sentenced to a term of probation. Within 30 days of being sentenced, the defendant *pro se* sent a letter to the trial court, which read as follows:

" 'I *** wish I [*sic*] ap[p]eal my case[.] I feel I did not g[e]t a fair trial[.] My lawyer did not g[e]t the video from Walmart[.] He told me [I] did not have a chanc[e] and scared me into taking the plea. I am not guilty. They should have the video[.] I feel that the video is key in my defen[se].' " *Trussel*, 397 Ill. App. 3d at 914.

¶ 18　　　　The circuit clerk treated the letter as a notice of appeal. *Trussel*, 397 Ill. App. 3d at 914. On appeal, the defendant argued his letter "should have been forwarded to a judge, who could then have appointed counsel for the purpose of assisting [the] defendant in perfecting his right to direct appeal." *Trussel*, 397 Ill. App. 3d at 914. This court agreed and remanded with directions to appoint postplea counsel "and proceed in accordance with Rule 604(d)." *Trussel*, 397 Ill. App. 3d at 915. In doing so, we reasoned, " 'because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion.' " *Trussel*,

397 Ill. App. 3d at 915 (quoting *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38, 528 N.E.2d 375, 377 (1988)).

¶ 19    Here, within 30 days of being sentenced, defendant, *pro se*, sent a letter to the trial court with a variety of requests and concerns, including the following: "I want to appeal my sentencing please. I need a public defender please. And I would like a reconsideration of my 2 charges." Defendant then set forth her allegation that "they should be ran [*sic*] concurrent not consecutive," and she asserted she could "no longer afford [private counsel] and [did not] believe he even attempted to care about me or my case." A docket entry made on January 27, 2021, reads, "BASED ON D'S REQUEST, CLERK DIRECTED TO FILE A NOTICE OF APPEAL ON BEHALF OF D. PD APPT'D. NOTICE OF APPEAL EFILED TO APPELLATE COURT. COPIES EMAILED TO APPELLATE DEFENDER ALONG WITH RECORD SHEETS AND GIVEN TO DEF [*sic*] IN CUSTODY." The court took no further action on defendant's letter.

¶ 20    We recognize trial courts are frequently placed in difficult positions attempting to decipher what unskilled *pro se* litigants are requesting, frequently based on the advice of equally unskilled and ill-informed jailhouse lawyers. This is one of the reasons why such letters are to be liberally construed. Providing legal assistance at the trial court level—where the trial judge, familiar with the case and the defendant, can better address the defendant's concerns—may frequently prevent prolonged appeals over issues which, in hindsight, a defendant may conclude were not to his or her benefit. More importantly, addressing a defendant's concerns at the trial court level may also prevent an unskilled litigant from unwittingly losing his one opportunity for direct appeal. Applying *Trussel* and *Barnes* to the facts of this case, we agree the trial court erred in failing to directly address defendant's *pro se* letter. As noted by the *Barnes* court, it is well-settled criminal defendants have "the right to the aid of an attorney in the preparation and

presentation of a motion pursuant to Rule 604(d), and such a motion should not be denied until that representation has been obtained." *Barnes*, 291 Ill. App. 3d at 550. Although defendant's letter was not labeled as a motion to withdraw her plea, the court was under a duty to liberally construe the *pro se* document. See *Barnes*, 291 Ill. App. 3d. at 551. Liberally construed, defendant's letter—in which she explicitly alleged her trial counsel did not "even attempt[ ] to care about me or my case" and requested "reconsideration of my 2 charges"—demonstrated her desire to seek relief from the judgment entered upon her plea. Because defendant demonstrated her desire to seek relief, she was entitled, under Rule 604(d), "to the aid of an attorney in the preparation and presentation of a [Rule 604(d)] motion." *Barnes*, 291 Ill. App. 3d at 550. Moreover, as we noted in *Trussel*, "because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion." (Internal quotation marks omitted.) *Trussel*, 397 Ill. App. 3d at 915. Accordingly, we find the court erred in failing to treat defendant's *pro se* letter as a Rule 604(d) motion and appoint postplea counsel.

¶ 21                             III. CONCLUSION

¶ 22            For the reasons stated, we remand the cause for the appointment of counsel to assist defendant in the preparation and litigation of a Rule 604(d) motion and determining what course defendant wishes to pursue.

¶ 23            Remanded with directions.