2023 IL App (4th) 220573

NO. 4-22-0573

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 17, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Winnebago County |
| v. | ) | No. 19CF3094 |
| | ) | |
| TROY BROWN, | ) | Honorable |
| Defendant-Appellant. | ) | Jennifer J. Clifford, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices Turner and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1       Defendant, Troy Brown, pleaded guilty to aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2018)) and was sentenced to three years in prison. Defendant moved to withdraw his plea and vacate the judgment on the basis that he received ineffective assistance of counsel. The trial court appointed new counsel to represent defendant on his motion, and the court ultimately denied it. Defendant appeals, contending that his postplea counsel failed to comply with the duties outlined in Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 2                              I. BACKGROUND

¶ 3       On November 22, 2019, the State charged defendant by complaint in case No. 19-CF-3094 for offenses he allegedly committed against his ex-wife three days earlier. One of the four charges was aggravated domestic battery. Defendant was already on probation in three

separate Winnebago County cases for offenses committed against his ex-wife, including criminal trespass to a residence, domestic battery, violation of an order of protection, and harassment.

¶ 4　　　　After defendant was charged in case No. 19-CF-3094, he stopped reporting to probation and was not arrested until October 2021. Meanwhile, in March 2021, a grand jury indicted defendant in case No. 19-CF-3094. The State also filed petitions to vacate probation in defendant's other cases. Attorney Frank Perri began representing defendant on all open cases after defendant was discharged unsuccessfully from drug court in late 2021.

¶ 5　　　　On February 3, 2022, the parties presented the trial court with a partially negotiated plea agreement. Specifically, defendant would plead guilty to the charge of aggravated domestic battery in case No. 19-CF-3094. The minimum sentence for aggravated domestic battery is probation with 60 days in jail, though the court instead may impose a prison sentence of between 3 and 7 years. 720 ILCS 5/12-3.3(b) (West 2020) (providing the minimum penalties for a conviction of aggravated domestic battery, a Class 2 felony); 730 ILCS 5/5-4.5-35(a) (West 2020) (authorizing a prison term of three to seven years for Class 2 felonies). Here, the parties agreed to a sentencing cap of four years in prison. The parties also agreed the State would dismiss the petitions to vacate probation.

¶ 6　　　　After being presented with this plea agreement, the trial court questioned defendant about his general background. Defendant stated he was 44 years old and had attended some college. Defendant assured the court that his prescription medications did not interfere with his comprehension. The court read to defendant the allegations in the aggravated domestic battery charge. The court explained the potential sentencing consequences for that offense, including the four-year sentencing cap to which the court agreed to bind itself. Defendant said he understood the sentencing consequences of the plea. The court asked defendant: "And you understand that right

now, there's no agreement as to what the sentence will be and it will be set for a sentencing hearing and it will be up to me, the Court, to decide what your sentence will be ***?" Defendant confirmed he understood this.

¶ 7    The trial court asked the prosecutor for a statement of facts in support of the guilty plea. The prosecutor represented as follows. As of November 19, 2019, defendant and his ex-wife had been separated for two years, and she had an order of protection against him. The ex-wife told the police that defendant arrived at her residence on November 19 and "beat on her door." The ex-wife opened the door so defendant would not break it. Once inside, defendant asked to borrow his ex-wife's car, but she refused. According to the ex-wife, defendant then "punched her multiple times in the head," "hit her in the head with his elbows," and strangled her with a belt to the point she could not breathe and began to see "brown spots." A police officer later observed bruising on the ex-wife's face and arms, along with a cut on the top of her head.

¶ 8    The trial court asked defendant whether, after hearing this statement of facts, it was still his decision to plead guilty to "that charge." Defendant responded, "Yes." Defendant told the court he understood he had the right to plead not guilty, to have a trial, and to require the State to prove his guilt beyond a reasonable doubt. Defendant also said he understood the numerous potential collateral consequences of his guilty plea, such as not being able to possess a firearm. Defendant confirmed he still chose to plead guilty.

¶ 9    Defendant told the trial court he had a chance to talk about this case with Perri, and defendant said he was satisfied with Perri's representation. Defendant indicated he did not need more time to talk to Perri before going through with the plea. Defendant denied being forced or threatened to plead guilty, and he said that nobody made any promises to him. Defendant acknowledged he was pleading guilty of his own free will.

¶ 10        The trial court then stated it had been tendered a written guilty plea. Defendant confirmed that his signature was on this document. The court asked defendant whether he wished the court to accept his guilty plea, and defendant responded in the affirmative. The court accepted the plea, determining it was "knowingly[,] intelligently[,] and voluntarily made and supported by a factual basis."

¶ 11        Immediately thereafter, Perri asked for defendant to be released on bond pending his sentencing hearing. The State objected. The trial court denied the motion, expressing concern about defendant returning to court in light of his history of going "AWOL" from his probation. The court also noted that defendant had "probably the highest domestic violence screening assurance score" the court had ever seen. The court continued the matter to April 11, 2022, for a sentencing hearing. The court advised defendant to tell Perri in advance of the sentencing hearing whether there were any classes he had taken or whether he had any witnesses to present. Defendant responded: "That ain't what we agreed on." Perri said he would visit defendant and prepare him for the sentencing hearing.

¶ 12        At the beginning of the sentencing hearing, defendant again told the trial court that his prescription medications did not affect his comprehension. Defendant also indicated he was still satisfied with Perri's representation. The State presented no evidence, and defendant presented his mother as a witness. Defendant made a statement in allocution. The State requested a sentence of four years in prison, while defendant requested probation. The court sentenced defendant to 3 years in prison, to be served at 85%, with credit for 186 days served in jail. Some of the reasons the court mentioned for ordering prison rather than probation were that defendant had a "lengthy criminal history," he had gone "AWOL" while on probation, and he repeatedly victimized his ex-wife. The court informed defendant he would need to move to withdraw his plea and vacate the

judgment before appealing. The court asked defendant if he had any questions. Defendant responded: "Yeah, I am questioning him [(Perri)] about my trial." Perri said: "We'll talk about that."

¶ 13        On April 14, 2022, Perri filed on defendant's behalf a motion to withdraw the plea and vacate the judgment, alleging, *inter alia*, ineffective assistance of counsel. Specifically, defendant alleged Perri "promised that [defendant] would receive probation at sentencing." Defendant also claimed he "did not understand that he had the option to take the case to trial," nor did he "understand that he pled guilty to aggravated domestic battery."

¶ 14        On May 16, 2022, the trial court appointed Paul Vella to represent defendant in connection with the postplea motion. On June 15, 2022, Vella informed the court he had reviewed the transcripts and spoken with defendant. Vella said he would adopt defendant's motion "as written," and requested a hearing. The court set the matter for a hearing on June 27, 2022.

¶ 15        On June 27, 2022, Vella filed a certificate that complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Specifically, Vella attested as follows:

> "(1) I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> (2) I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and
>
> (3) I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 16        At the beginning of the evidentiary hearing, defendant confirmed that the motion on file covered everything he desired. Defendant testified in support of his motion, explaining why

he believed Perri provided ineffective assistance. According to defendant, he never discussed the facts of the case with Perri. Defendant also testified he did not understand he was pleading guilty to the charge of aggravated domestic battery. Defendant claimed he pleaded guilty because Perri told him he would receive probation or, if not, a trial. Defendant testified he lied to the trial court at the plea hearing when he said his medications did not affect his comprehension. Defendant testified that Perri coerced him into pleading guilty by telling him not to worry about medications and just to agree to what the judge said so he would get probation. Defendant denied understanding what an "open plea" or a "sentencing hearing" was.

¶ 17    The State initially told the trial court it did not have any witnesses to counter defendant's motion. When the court asked if the State would call Perri, the State requested to continue the matter so Perri could review his case file before testifying. Over defendant's objection, the court continued the hearing to July 11, 2022.

¶ 18    On July 11, 2022, Vella filed another Rule 604(d) certificate that was identical to the one filed on June 27. Perri then testified for the State. He asserted that he spoke with defendant numerous times, both in person and over the telephone. Perri denied promising defendant he would receive probation. According to Perri, he instead said he would advocate for probation. Perri testified he explained to defendant multiple times what an open plea meant and what defendant was "exposed to." In Perri's opinion, there was no way defendant could reasonably have left their meeting thinking it was certain he would be sentenced to probation. Perri believed that defendant understood the plea he entered, including the possibility of being sentenced to prison.

¶ 19    On cross-examination, Vella stated for the record that he would ask Perri questions drafted by defendant. Of note, Perri denied telling defendant there would be a trial if defendant did not get probation. Perri also testified that defendant "absolutely" mentioned wanting to go to trial.

However, Perri clarified on redirect examination that defendant desired a trial "prior to the negotiated resolution that was reached." Perri attested that defendant wanted to accept whatever negotiated plea counsel could arrange.

¶ 20   On questioning by the trial court, Perri denied either encouraging defendant to lie to the court or telling defendant to answer "yes" to all of the questions at the plea hearing. Perri insisted he did not coerce defendant into pleading guilty. Perri maintained there was never a time when he had concerns about defendant not understanding their conversations. Perri believed it was defendant's decision to plead guilty.

¶ 21   On redirect examination by Vella, Perri testified he discussed with defendant the definition of an open plea and the terms of his plea. The trial court then heard argument from the parties. Vella requested, and the court allowed, defendant to present his arguments personally. After defendant spoke, Vella briefly argued in favor of defendant's motion.

¶ 22   The trial court denied defendant's motion to withdraw the plea and vacate the judgment. The court explained that it went through "every admonishment" with defendant at the plea hearing and "made sure repeatedly that [defendant] understood what was going on." The court noted that defendant neither expressed confusion at the plea hearing nor indicated he was being coerced. The court also recalled that, at the sentencing hearing, defendant expressed satisfaction with Perri's representation. Based on the court observing defendant to be intelligent and articulate, the court believed defendant would have spoken up at the plea hearing had he not understood something. The court determined defendant's professed belief that he could plead guilty and then have a trial if he did not get probation "doesn't make sense." The court noted that defendant was "not new to the criminal justice system" and had entered pleas in other cases. Ultimately, the court did not "see anything in the record or in [defendant's] testimony" supporting defendant's motion.

¶ 23    Defendant filed a timely notice of appeal.

¶ 24                    II. ANALYSIS

¶ 25    On appeal, defendant acknowledges that Vella's Rule 604(d) certificates facially comply with that rule. Nevertheless, defendant contends the record refutes the certificates, as Vella adopted and failed to amend defendant's deficient postplea motion. Defendant maintains Vella should have amended the motion so that it pleaded a "legally cognizable" claim. Based on Vella's failure to comply strictly with Rule 604(d), defendant requests vacating the judgment denying his postplea motion and remanding for further postplea proceedings.

¶ 26    The State responds that no remand is necessary. The State reframes the issue as whether Vella had an obligation to procure affidavits in support of defendant's motion. According to the State, any technical defect in defendant's motion does not require a remand, as the trial court rejected defendant's meritless ineffective-assistance claim after a full evidentiary hearing.

¶ 27    In his reply brief, defendant seems to broaden his argument to include that Vella should have procured affidavits in support of defendant's motion. However, defendant reiterates his primary contention that Vella should have amended defendant's motion to include sufficient facts to plead a proper claim. Defendant also maintains that the issue of whether Vella strictly complied with Rule 604(d) is unrelated to whether defendant's ineffective-assistance claim has merit.

¶ 28    Here, defendant's guilty plea was considered "negotiated," as the State agreed to a sentencing cap below the statutory maximum. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (defining a "negotiated plea of guilty" to include a plea where the State binds itself to recommending a specific sentencing range). As a prerequisite to appealing the judgment, within 30 days of sentencing, Perri filed on defendant's behalf a motion to withdraw the plea and vacate the

judgment. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (requiring a defendant who enters a negotiated guilty plea to move to withdraw the plea and vacate the judgment before taking an appeal). In that motion, defendant asserted ineffective assistance of counsel. In relevant portion, defendant alleged Perri "promised that [defendant] would receive probation at sentencing." Defendant also claimed he "did not understand that he had the option to take the case to trial" or "that he pled guilty to aggravated domestic battery."

¶ 29    A claim of ineffective assistance requires a defendant to demonstrate both that counsel's performance was objectively unreasonable and that such deficiency prejudiced the defendant. *People v. Valdez*, 2016 IL 119860, ¶ 14. "To establish prejudice in the guilty plea context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Valdez*, 2016 IL 119860, ¶ 29 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In his postplea motion, defendant did not allege—let alone offer facts supporting such an allegation—that he would not have pleaded guilty but for Perri's conduct. See *Valdez*, 2016 IL 119860, ¶ 29 ("A conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice."). Thus, as defendant emphasizes on appeal, his postplea motion did not plead the required elements of an ineffective-assistance claim. Additionally, defendant did not provide affidavits in support of his motion. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("When the motion is based on facts that do not appear of record[,] it shall be supported by affidavit ***.").

¶ 30    Because defendant expressed grievances against Perri, the trial court appointed Vella to represent defendant in connection with the postplea motion. Rule 604(d) imposes the following duties on an attorney in Vella's position:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Rule 604(d) demands "strict compliance." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 6. Where counsel's certificate fails to comply strictly with Rule 604(d), the appellate court must remand the matter to the trial court to allow the defendant the opportunity to file a new postplea motion and hold a new hearing on the motion. *Bridges*, 2017 IL App (2d) 150718, ¶ 6. We review *de novo* counsel's compliance with Rule 604(d). *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 30.

¶ 31 Defendant recognizes that Vella filed two certificates that facially complied with Rule 604(d). However, even where there is a facially compliant Rule 604(d) certificate, remand is required if the record shows that counsel did not comply with his or her obligations under that rule. *Curtis*, 2021 IL App (4th) 190658, ¶ 36. In arguing that the record refutes Vella's Rule 604(d) certificates, defendant notes that Vella adopted "as written" defendant's deficient postplea motion. The State, on the other hand, emphasizes the trial court rejected defendant's ineffective-assistance claim after a full evidentiary hearing.

¶ 32 We note defendant does not meaningfully dispute that he received a full and fair hearing on his ineffective-assistance claim. In his opening brief, defendant briefly asserts that Vella did not provide the trial court with the "essence" of defendant's allegations. In support of that

assertion, defendant claims that Vella "actually stopped [defendant] from discussing [(at the evidentiary hearing)] the facts of his case and possibly defenses and claims to raise against the charges." Defendant also notes that he personally argued his motion to the court. In his reply brief, defendant again asserts in passing that Vella "did not fully develop the record on the issue of prejudice for [defendant's] ineffective-assistance claim."

¶ 33     Contrary to what defendant suggests, the record shows that he had a full and fair opportunity to present his claim at the evidentiary hearing. Vella never stopped defendant from expressing his grievances against Perri at the evidentiary hearing. Defendant merely directs our attention to one example of Vella refocusing defendant's attention on the question being asked after defendant provided a nonresponsive answer. Indeed, at the end of direct examination, Vella asked defendant an open-ended question inviting defendant to share any other information about his request to withdraw the guilty plea. Additionally, the fact that defendant presented his own argument to the trial court *increases* our confidence that defendant had a full opportunity to present his ineffective-assistance claim.

¶ 34     Furthermore, it is clear that defendant's ineffective-assistance claim was meritless. At the plea hearing, defendant indicated he understood the sentencing consequences of his plea, including the charge to which he pleaded guilty and the potential for a prison sentence of up to four years. In light of the trial court's comprehensive admonishments, defendant could not reasonably have believed he was guaranteed to receive probation as a result of the plea. Moreover, at the evidentiary hearing on defendant's postplea motion, the court discredited defendant's testimony. Thus, there is no question that defendant's claim was meritless.

¶ 35     To recap, (1) defendant filed a bare-bones postplea motion alleging ineffective assistance of counsel, (2) Vella adopted defendant's motion without amending it, (3) Vella filed

facially compliant Rule 604(d) certificates, and (4) the trial court properly determined defendant's claim was meritless after a full and fair evidentiary hearing. The question, then, is whether we must remand under these circumstances due to the pleading defects in defendant's motion.

¶ 36 The only case defendant cites with a similar procedural posture is *People v. Winston*, 2020 IL App (2d) 180289. In *Winston*, the defendant pleaded guilty to aggravated battery for throwing a bottle and books at a pregnant woman, and the defendant was sentenced to conditional discharge. *Winston*, 2020 IL App (2d) 180289, ¶¶ 1, 3. The defendant then filed a motion to " 'change plea.' " *Winston*, 2020 IL App (2d) 180289, ¶ 3. The trial court reappointed the defendant's plea counsel to represent her in connection with that motion. *Winston*, 2020 IL App (2d) 180289, ¶ 3. Counsel filed an amended motion to withdraw the plea, alleging that the defendant (1) was unaware of how a felony conviction could adversely affect her and (2) pleaded guilty under duress. *Winston*, 2020 IL App (2d) 180289, ¶ 3. At an initial hearing, the defendant's counsel also argued that the State could not have proved the defendant guilty beyond a reasonable doubt. *Winston*, 2020 IL App (2d) 180289, ¶ 3.

¶ 37 After two appeals and two remands for noncompliance with Rule 604(d), counsel filed a facially valid Rule 604(d) certificate, and the matter proceeded to an evidentiary hearing. *Winston*, 2020 IL App (2d) 180289, ¶¶ 3-4. At that hearing, the defendant challenged whether the State could have proved her guilty beyond a reasonable doubt, as the defendant claimed she was not the aggressor and she did not know the victim was pregnant. *Winston*, 2020 IL App (2d) 180289, ¶¶ 4-5. The defendant also testified on cross-examination that she was not satisfied with her counsel's performance. *Winston*, 2020 IL App (2d) 180289, ¶ 7. After the defendant concluded her testimony, her counsel attempted to admit hearsay on the reasonable-doubt issue in the form of statements from police reports. *Winston*, 2020 IL App (2d) 180289, ¶ 8. The trial court sustained

the State's objection but offered defense counsel the opportunity to continue the hearing to produce the declarants as witnesses. *Winston*, 2020 IL App (2d) 180289, ¶ 9. Counsel declined the offer to continue the hearing. *Winston*, 2020 IL App (2d) 180289, ¶ 9. The trial court denied the postplea motion, and the defendant appealed. *Winston*, 2020 IL App (2d) 180289, ¶ 10.

¶ 38 The appellate court remanded for further proceedings, determining that, contrary to what counsel indicated in the Rule 604(d) certificate, counsel did not amend the defendant's motion "to adequately present defects in the entry of the plea." *Winston*, 2020 IL App (2d) 180289, ¶¶ 15, 21. The appellate court emphasized that counsel challenged at the evidentiary hearing whether the State could have proved the defendant guilty beyond a reasonable doubt, yet counsel neither included that issue in the defendant's motion nor supported that claim with affidavits. *Winston*, 2020 IL App (2d) 180289, ¶ 15. Although the court acknowledged it "may be true" that the defendant's sufficiency-of-the-evidence claim lacked merit, the court said this "has no bearing on whether counsel complied with Rule 604(d)." *Winston*, 2020 IL App (2d) 180289, ¶ 18. Furthermore, the court noted that "the specter of a violation of defendant's right to the effective assistance of counsel hovers over the trial court proceedings." *Winston*, 2020 IL App (2d) 180289, ¶ 19. To that end, the appellate court was troubled that the defendant's counsel raised a claim at the evidentiary hearing without pleading that claim and "without having secured the attendance of witnesses who arguably could have supported it." *Winston*, 2020 IL App (2d) 180289, ¶ 19. The court could discern no strategic reason for counsel offering inadmissible written statements rather than presenting testimony. *Winston*, 2020 IL App (2d) 180289, ¶ 19.

¶ 39 The concerns that prompted the third remand in *Winston* do not apply here. Vella did not raise a new claim at defendant's evidentiary hearing. Rather, Vella presented support at the evidentiary hearing for a claim that had been alleged in broad strokes in defendant's postplea

- 13 -

motion. Additionally, Vella did not attempt to rely on hearsay in lieu of admissible evidence. Thus, defendant has cited no case directly supporting his request for a remand.

¶ 40 The State relies primarily on five cases: (1) *Curtis*, (2) *People v. Diaz*, 2021 IL App (2d) 191040, (3) *People v. Kocher*, 2021 IL App (4th) 200610-U, (4) *People v. Jones*, 2021 IL App (4th) 180497-U, and (5) *People v. Jackson*, 2022 IL App (5th) 200042-U. The two published cases the State cites—*Curtis* and *Diaz*—involved allegations on appeal that postplea counsel improperly *omitted* claims from the postplea motion. Here, by contrast, defendant's ineffective-assistance claim was expressly included in the postplea motion, though it was deficiently pleaded. The three unpublished cases the State cites—*Kocher*, *Jones*, and *Jackson*—involved circumstances that are more factually analogous to what happened here. Ultimately, we determine that the reasoning of those cases is persuasive and supports a conclusion that a remand is not required.

¶ 41 In *Kocher*, the defendant pleaded guilty to predatory criminal sexual assault of a child and was sentenced to 23 years in prison. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 2. The defendant sent a *pro se* letter to the trial court alleging ineffective assistance of plea counsel, and the defendant later filed a motion to withdraw the guilty plea. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 2. The trial court refused to consider the defendant's letter and determined the motion was untimely. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 2. In an initial appeal, we remanded on the basis that the trial court should have treated the *pro se* letter as a timely postplea motion. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 2.

¶ 42 On remand, the trial court appointed the defendant new counsel, who filed an amended postplea motion. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 13. The amended motion alleged a bare-bones ineffective-assistance claim without accompanying affidavits or exhibits.

*Kocher*, 2021 IL App (4th) 200610-U, ¶ 14. Postplea counsel filed a facially compliant Rule 604(d) certificate. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 22. The trial court held an evidentiary hearing on the defendant's amended motion, and both defendant and his plea counsel testified. *Kocher*, 2021 IL App (4th) 200610-U, ¶¶ 14-15. The trial court denied the defendant's amended motion, deeming plea counsel's testimony more credible than the defendant's. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 16.

¶ 43        On appeal from that judgment, the defendant argued that, despite the facially compliant Rule 604(d) certificate, postplea counsel's amended motion was both deficiently pleaded (" 'legally incognizable' ") and unsupported by affidavits. *Kocher*, 2021 IL App (4th) 200610-U, ¶¶ 19, 22. We declined to remand the case, as the "defendant received a full and fair hearing on his motion where the trial court received evidence relating to all of defendant's allegations of error, which showed that defendant could not, under the circumstances presented, establish a meritorious claim of ineffective assistance of counsel." *Kocher*, 2021 IL App (4th) 200610-U, ¶ 22. Addressing the allegation of defective pleading, we determined that "no amendments [to the motion] were necessary because no amendments could have salvaged [the defendant's] meritless claims." *Kocher*, 2021 IL App (4th) 200610-U, ¶ 26.

¶ 44        We further acknowledged that Rule 604(d) required the defendant to provide affidavits substantiating any factual allegations that were outside of the record. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 27. However, we invoked the reasoning of *People v. Shirley*, 181 Ill. 2d 359, 369 (1998), where our supreme court held that multiple remands for technical violations of Rule 604(d) may be unnecessary where a defendant receives a full and fair hearing on his or her claims. *Kocher*, 2021 IL App (4th) 200610-U, ¶¶ 29, 31. We concluded that postplea counsel's

"failure to file an affidavit in support of defendant's claims constitutes a technical rather than a substantive error." *Kocher*, 2021 IL App (4th) 200610-U, ¶ 31.

¶ 45 We emphasized that the "defendant was not deprived of the due process protections that Rule 604(d) was intended to provide," as he was "provided a meaningful opportunity to present evidence in support of" the allegations in his postplea motion. *Kocher*, 2021 IL App (4th) 200610-U, ¶ 31. Where the trial court "rightly" rejected the defendant's claims on the merits after a full and fair evidentiary hearing, "a second remand requiring a second hearing on defendant's claims would be an empty and wasteful formality." *Kocher*, 2021 IL App (4th) 200610-U, ¶ 32.

¶ 46 Defendant asserts that *Kocher* is distinguishable because counsel in that case pleaded a deficient claim in an amended motion, whereas Vella adopted defendant's deficient claim. That is not a compelling reason to depart from *Kocher*'s reasoning. Similar to *Kocher*, it would be an "empty and wasteful formality" to remand the present case for repleading when the trial court rejected defendant's ineffective-assistance claim on the merits after a fully litigated evidentiary hearing.

¶ 47 We recognize that *Kocher* involved a defendant's request for a successive remand, whereas defendant here requests his first remand. In *Jones*, we applied logic similar to *Kocher* in a case where the defendant requested his first remand based on alleged Rule 604(d) noncompliance. The defendant in *Jones* pleaded guilty to aggravated driving under the influence of alcohol, received a 15-year sentence, and then filed a *pro se* motion challenging the plea. *Jones*, 2021 IL App (4th) 180497-U, ¶ 2. The trial court ultimately appointed the defendant new counsel, who filed an amended motion raising six claims without accompanying affidavits. *Jones*, 2021 IL App (4th) 180497-U, ¶¶ 6, 8. Postplea counsel filed a facially compliant Rule 604(d) certificate. *Jones*, 2021 IL App (4th) 180497-U, ¶ 8. The trial court held an evidentiary hearing, at which both

the defendant and plea counsel testified. *Jones*, 2021 IL App (4th) 180497-U, ¶¶ 9-10. The court denied the defendant's motion, and he appealed. *Jones*, 2021 IL App (4th) 180497-U, ¶¶ 12-13.

¶ 48　　　　　On appeal, the defendant argued that postplea counsel failed to comply with Rule 604(d)'s requirement to substantiate claims with affidavits. *Jones*, 2021 IL App (4th) 180497-U, ¶ 16. We determined that a remand was unnecessary. *Jones*, 2021 IL App (4th) 180497-U, ¶ 22. We emphasized that the "[d]efendant was afforded the due process Rule 604(d) seeks to provide," because "either the facts supporting defendant's claims are of record or because he was afforded the opportunity in a full meaningful evidentiary hearing to present evidence supporting his claims." *Jones*, 2021 IL App (4th) 180497-U, ¶ 22. Under the circumstances, "an affidavit would not have provided the trial court with any information that was not or could not have been presented at the hearing." *Jones*, 2021 IL App (4th) 180497-U, ¶ 23. We added that the "[d]efendant is not entitled to two bites at the apple when he had every opportunity at the full evidentiary hearing to present facts during his testimony that would have supported his claim that his guilty plea should be withdrawn." *Jones*, 2021 IL App (4th) 180497-U, ¶ 24.

¶ 49　　　　　In *Jackson*, the Fifth District applied similar reasoning to *Kocher* and *Jones*. In *Jackson*, the defendant presented his postplea claims at an evidentiary hearing, and the trial court rejected those claims. *Jackson*, 2022 IL App (5th) 200042-U, ¶¶ 23, 25. On appeal, the defendant argued that the record refuted the facially compliant Rule 604(d) certificate because postplea counsel provided "mere conclusory allegations" and failed to submit affidavits. *Jackson*, 2022 IL App (5th) 200042-U, ¶ 30. The appellate court in *Jackson* determined that, "despite any alleged inadequacy in the amended motion to withdraw guilty plea, postplea counsel developed the defendant's claims at the hearing on the amended motion and made argument as to why the defendant had a defense worthy of consideration." *Jackson*, 2022 IL App (5th) 200042-U, ¶ 37.

Accordingly, the court held that remand was unwarranted. *Jackson*, 2022 IL App (5th) 200042-U, ¶ 37.

¶ 50 The reasoning and holdings of *Kocher*, *Jones*, and *Jackson* are sound. Where postplea counsel files a facially compliant Rule 604(d) certificate and the trial court determines after a full and fair hearing that the defendant's claims are meritless, defects in the pleadings do not justify a remand for further proceedings. We certainly expect that attorneys will ensure postplea motions are in proper form before signing Rule 604(d) certificates. However, it would be an exercise in futility and a waste of judicial resources to remand for an attorney to replead a claim that has already been adjudicated meritless. Accordingly, we hold that a remand is unwarranted under the circumstances of this case.

¶ 51 III. CONCLUSION

¶ 52 For the reasons stated, we affirm the trial court's judgment.

¶ 53 Affirmed.

*People v. Brown*, 2023 IL App (4th) 220573

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 19-CF-3094; the Hon. Jennifer Clifford, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Edward J. Wittrig, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | J. Hanley, State's Attorney, of Rockford (Patrick Delfino, David J. Robinson, and David E. Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |