**NOTICE**
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240741-U

NO. 4-24-0741

IN THE APPELLATE COURT

**FILED**
March 24, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Stephenson County |
| RICHARD A. SCHOON JR., | ) | No. 23DV112 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James M. Hauser, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Lannerd and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, holding (1) the trial court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea, (2) defense counsel did not provide ineffective assistance, and (3) counsel strictly complied with Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023).

¶ 2    In November 2023, defendant, Richard A. Schoon Jr., pleaded guilty to domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)) and was sentenced to two years of probation and five days in jail. Defendant subsequently filed a motion to withdraw his guilty plea, which the trial court denied.

¶ 3    Defendant appeals, arguing (1) the trial court abused its discretion by denying his motion to withdraw his guilty plea because he had a valid defense to the charge and the ends of justice would be better served by allowing the case to go to trial, (2) he received ineffective assistance of counsel at the plea hearing and during postplea proceedings, and (3) his postplea

counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023). We disagree and affirm.

¶ 4                                    I. BACKGROUND

¶ 5                                   A. The Charges

¶ 6        In November 2023, the State charged defendant with domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)), alleging defendant struck a family or household member in the head with his closed fist, causing bruising to the right side of her head, her forehead, and around her right eye.

¶ 7                              B. The Arraignment Hearing

¶ 8        Later in November 2023, defendant was arrested, and at the arraignment hearing on November 22, 2023, the trial court appointed the public defender to represent defendant. The State filed a petition to deny pretrial release under article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). The court set the detention hearing for the following Monday, November 27, 2023. Defendant informed the court that it would be difficult for him to fulfill his employment and childcare responsibilities from jail. The court reiterated that the detention hearing would be held the following Monday.

¶ 9                        C. The Guilty Plea and Sentencing Hearings

¶ 10       Later that same day, the case was recalled, and defendant's counsel informed the trial court that the parties had agreed to a resolution. The State asserted that in exchange for defendant's plea of guilty to domestic battery, it would recommend a sentence of two years of

probation and five days in jail, with credit for five days served. Defendant confirmed he wished to plead guilty under the terms of the agreement.

¶ 11　　　　In response to the trial court's admonitions, defendant stated that he understood the nature of the charge and the possible penalties, his right to a trial, and that he would be waiving his right to a trial if he pleaded guilty. Defendant further confirmed that he had not been threatened or promised anything other than the plea agreement in return for his pleading guilty. The court found defendant's guilty plea was knowing and voluntary. For the factual basis, the State asserted the victim "would testify that she's been in a dating relationship with the defendant for approximately two years. On November 2nd of 2023, he struck her and bit her, causing pain and some injury. It's believed these events took place here in Stephenson County, Illinois."

¶ 12　　　　The State informed the trial court that the victim was not asking for a no-contact provision and she had requested defendant's release. The court sentenced defendant to two years of probation and five days in jail, with credit for time served, in accordance with the terms of the parties' agreement.

¶ 13　　　　　　　　D. The Motion To Withdraw the Guilty Plea

¶ 14　　　　In December 2023, defendant *pro se* filed a motion to withdraw his guilty plea, alleging (1) he did not understand the law and his rights, (2) he had a valid defense to the charge, and (3) justice would be better served by allowing a jury to decide the case. A new public defender was appointed to represent defendant on his motion.

¶ 15　　　　In March 2024, defendant's newly appointed postplea counsel filed an amended motion to withdraw the guilty plea and a certificate pursuant to Rule 604(d). In his amended motion, defendant asserted he had an actual innocence claim because the victim had reported to police officers that defendant had punched her during an argument and stolen her car, but her

credibility was questionable because defendant owned the car. Defendant also contended the evidence supported a claim of defense of property. Defendant further alleged (1) he was not advised by his guilty-plea counsel or the trial court about his rights under the Act and (2) he pleaded guilty because counsel told him that was the only way to ensure he would be released from custody. Defendant attached his affidavit attesting to the veracity of the allegations contained in the motion and a copy of a motor vehicle title listing him and the victim as co-owners of the vehicle.

¶ 16                              E. The Motion Hearing

¶ 17          That same day, the trial court conducted a hearing on defendant's amended motion. Defendant argued he had an affirmative defense of use of force in defense of property because he and the victim were arguing over a vehicle that they both owned. He also argued the attorney representing him at the guilty-plea hearing provided ineffective assistance because he failed to advise defendant of his rights on the State's detention petition under the Act and, instead, informed defendant he would have to plead guilty to be released from custody.

¶ 18          The State responded that the victim was a co-owner of the vehicle and the force used by defendant was not reasonable given the severity of the victim's injuries, including a black eye and multiple bruises on her face and head. The State noted that the trial court had admonished defendant and confirmed he understood his rights. The State also argued defendant was aware that a hearing had been set on the State's detention petition.

¶ 19          Following the parties' arguments, the trial court continued the hearing to allow defendant's guilty-plea counsel to appear and testify. When the hearing resumed, defendant's guilty-plea counsel testified that he did not recall his specific discussion with defendant about his rights under the Act, but his practice was to inform his clients about the right to a detention

- 4 -

hearing and the State's burden of proof at the hearing. Counsel noted the court had also informed defendant that he had a right to a detention hearing and had set the hearing for the following Monday. Given the State's plea offer, guilty-plea counsel assumed he would have told defendant, "[W]e're set to have a hearing Monday, if you want to take this deal now, we won't have a hearing Monday." Although he did not recall the conversation, counsel testified he may have told defendant that accepting the plea offer was the only way to be released that day.

¶ 20 The trial court requested a statement of the factual basis for the guilty plea to refresh its recollection, and the State responded by reading the police report. The State asserted a police officer responded to a report of a stolen motor vehicle. Upon arrival, the victim stated defendant, who was her boyfriend of approximately two years, had stolen her vehicle. She stated they were arguing about the ownership of the vehicle while she was driving and defendant was in the front passenger seat. Defendant punched her in the head, bit her right hand, and tried to take the keys to the car from her. When she eventually stopped the car, defendant took the keys, walked around to the driver's side, threw her out of the car, and drove away. The officer observed the victim had a black eye, bruising on the right side of her head and forehead, large bruises on her upper arms, and small cuts on her right hand consistent with bite marks. The victim stated defendant caused the injuries during this incident.

¶ 21 Defendant argued the evidence was sufficient to raise a claim of defense of property. According to defendant, the alleged victim was not credible because she claimed ownership of the vehicle, but the title showed both defendant and the victim owned it. Defendant contended the evidence showed there was a struggle over the vehicle and a claim of defense of property could be presented "no matter how quaint the evidence." Defendant also argued his guilty-plea counsel was ineffective for failing to provide adequate information about his rights

under the Act.

¶ 22　　　The State responded that a defense of property claim would lack any merit given the facts of this case. Additionally, defendant knew a hearing was set on the detention petition, and he made a knowing and voluntary decision to plead guilty. The State concluded this was "a clear case of [defendant] having buyer's remorse."

¶ 23　　　　　　　　　　　F. The Trial Court's Decision

¶ 24　　　The trial court found the evidence showed defendant was presented with the choice of pleading guilty under the plea offer or waiting for the hearing the following Monday on the State's petition for detention. The court did not "put *** much stock in" the argument that the victim lacked credibility and found a claim of defense of property did not apply to the facts of this case. The court concluded that (1) defendant's guilty plea was not entered under any misapprehension of the facts or law and (2) the ends of justice would not be better served by submitting this case to a jury. Accordingly, the court denied defendant's amended motion to withdraw his guilty plea.

¶ 25　　　This appeal followed.

¶ 26　　　　　　　　　　　II. ANALYSIS

¶ 27　　　Defendant appeals, arguing (1) the trial court abused its discretion by denying his motion to withdraw his guilty plea, (2) he received ineffective assistance of counsel at the guilty-plea hearing and during the postplea proceedings, and (3) his postplea counsel failed to strictly comply with Rule 604(d).

¶ 28　　　　　　　　A. Denial of Motion To Withdraw the Guilty Plea

¶ 29　　　Defendant contends the evidence was sufficient to present a claim of defense of property to a jury. According to defendant, the trial court required a showing that the defense

would have been successful at trial when the standard only requires "some evidence" in support of a meritorious defense. Defendant concludes the court erred by denying his motion to withdraw his guilty plea because (1) he had a meritorious defense, (2) he did not have time to fully investigate that defense, and (3) the ends of justice would be better served by allowing the case to go to trial.

¶ 30 The State responds that the trial court did not abuse its discretion by denying defendant's motion. The State argues defendant did not have a viable defense of property defense, given that he caused significant injuries to the victim while taking property that the victim had the legal authority to possess as a co-owner. We agree.

¶ 31 1. *The Applicable Law*

¶ 32 "A defendant does not have an automatic right to withdraw [his] guilty plea, as '[a] plea of guilty is a grave act that is not reversible at the defendant's whim.' " *People v. Burge*, 2021 IL 125642, ¶ 37 (quoting *People v. Reed*, 2020 IL 124940, ¶ 47). Withdrawal of a guilty plea is appropriate when "it was entered through a misapprehension of the facts or law or [when] there is doubt as to the guilt of the accused and justice would be better served by conducting a trial." *Id.* The decision on a motion to withdraw a guilty plea is left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *People v. Hughes*, 2012 IL 112817, ¶ 32. "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009).

¶ 33 2. *This Case*

¶ 34 Defendant's argument rests primarily on his claim that he had a meritorious defense to the domestic battery charge, but this court has held a defense worthy of consideration

is not an independent basis for allowing withdrawal of a guilty plea. See *People v. Nieto-Roman*, 2019 IL App (4th) 180807, ¶ 33 ("[T]he supreme court no longer recognizes the defense worthy of consideration language as a separate basis for allowing a defendant to withdraw his guilty plea."). The supreme court's more recent cases make clear that a guilty plea may be withdrawn only when it "was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." (Internal quotation marks omitted.) *Id.* ¶¶ 31, 33 (collecting cases).

¶ 35        To the extent that a defense may be considered as part of the doubt of guilt analysis, defendant has not presented a valid defense in this case. He does not dispute that he caused significant injuries to the victim, including a black eye, bruising on her head and upper arms, and bite marks on her right hand. Instead, defendant argues his actions were justified to defend his ownership of the vehicle. It is undisputed, however, that the victim was a co-owner of the vehicle and had the legal authority to exercise control over it. The trial court found a claim of defense of property did not apply under these circumstances. We agree.

¶ 36        Additionally, we note that defendant's claim that his guilty plea was "rushed" and he did not have time to fully investigate his defense is meritless. The timing of the guilty plea was by defendant's own choice, and he does not claim his guilty plea was unknowing or involuntary.

¶ 37        In sum, defendant has not shown his guilty plea was entered through a misapprehension of the facts or the law or that there is doubt as to his guilt and justice would be better served by conducting a trial. See *Burge*, 2021 IL 125642, ¶ 37. The trial court's decision to deny defendant's motion to withdraw his guilty plea was not arbitrary, fanciful, or unreasonable. Accordingly, the court did not abuse its discretion by denying defendant's motion.

¶ 38                           B. Ineffective Assistance of Plea Counsel

¶ 39          Defendant next argues that his guilty-plea counsel provided ineffective assistance by failing to advise him of the procedure under the Act for obtaining release from custody prior to trial. Defendant asserts his counsel induced him to plead guilty based on the incorrect belief that pleading guilty was the only way he would be released from custody before trial. Defendant also argues his counsel failed to investigate the facts and advise him of any potential defense to the charge of domestic battery. According to defendant, counsel met with him immediately after being appointed, relayed the State's plea offer, and told him accepting the offer would result in his immediate release. Defendant claims he was prejudiced by counsel's deficient performance because (1) he had a plausible defense to the charge and (2) he would not have pleaded guilty if he knew he could be released from custody pending trial.

¶ 40          In response, the State argues that guilty-plea counsel testified that he discussed the Act and the State's burden of proof with defendant. Counsel accurately informed defendant that he would have to wait until his detention hearing to argue for his release from custody unless he accepted the State's plea offer. The State insists defendant knew a detention hearing was scheduled for the following Monday, and the record establishes he was not interested in waiting until that date to be released. The State further argues that the record does not support a claim of defense of property because it shows defendant battered and bit the victim while taking possession of a vehicle they both owned.

¶ 41                                1. *The Applicable Law*

¶ 42          A criminal defendant is entitled to the effective assistance of counsel at all critical stages of criminal proceedings, including the entry of a guilty plea. *Hughes*, 2012 IL 112817, ¶ 44. Claims alleging ineffective assistance of counsel are reviewed under the standard set forth

in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance resulted in prejudice to the defendant. *Hughes*, 2012 IL 112817, ¶ 44. A defendant must satisfy both prongs of *Strickland* to prevail on an ineffective assistance of counsel claim. *People v. Simpson*, 2015 IL 116512, ¶ 35.

¶ 43 In the context of a claim of ineffective assistance during a guilty plea proceeding, the first prong of *Strickland* remains the same, but to establish the second prong, a guilty-plea defendant " 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). When an ineffective assistance claim involves a defendant's defense strategy or chance of acquittal, the defendant must present a claim of innocence or a plausible defense to establish prejudice. *Id.* ¶ 45.

¶ 44 2. *This Case*

¶ 45 First, defendant's claim that he pleaded guilty because he believed it was the only way he would be released from custody prior to trial is rebutted by the record. The record shows the trial court informed defendant that a detention hearing would be held the following Monday to determine whether he would be released from custody. Defendant's guilty-plea counsel also testified it was his practice to inform his clients about the right to a detention hearing and the State's burden of proof at the hearing. At the very least, the record shows defendant knew a detention hearing had been scheduled to determine whether he would be released pending trial. Under these circumstances, defendant cannot show he was prejudiced by counsel's alleged lack of advice about the procedure under the Act.

¶ 46 Defendant also has not established that he had a plausible defense to the charge of domestic battery. As explained above, the record demonstrates that defendant battered and bit the victim, causing significant injuries, while trying to gain possession of property they both owned. We agree with the trial court that defense of property does not apply under the facts of this case.

¶ 47 Although defendant argues his guilty-plea counsel failed to investigate the facts and advise him of any defenses, the record indicates defendant pleaded guilty because he wanted to be released from jail *immediately*. Defendant repeatedly stated he wanted to be released to get to work and take care of his children. The timing of defendant's guilty plea was by his own choice, and he cannot fault his attorney for not having more time to investigate defenses given his decision to plead guilty at the arraignment.

¶ 48 We conclude defendant has not shown a reasonable probability that, absent counsel's alleged errors, he would have pleaded not guilty and insisted on going to trial. Because defendant has failed to establish that he was prejudiced by counsel's alleged failures, his claim of ineffective assistance of guilty-plea counsel fails.

¶ 49 C. Ineffective Assistance of Postplea Counsel

¶ 50 Defendant also argues that his postplea counsel was ineffective by failing to allege in his amended motion to withdraw the guilty plea that guilty-plea counsel failed to investigate or properly advise him of potential defenses. As explained, postplea counsel raised a claim of defense of property in the amended motion and at the motion hearing, but it was not a plausible defense under the circumstances of this case. Additionally, guilty-plea counsel did not have time to investigate other potential defenses because defendant chose to accept the State's offer and plead guilty at the initial hearing. Guilty-plea counsel was not ineffective for failing to investigate or advise defendant of a potential defense given defendant's choice to plead guilty at

the initial hearing and obtain his immediate release from custody. Postplea counsel, in turn, cannot be ineffective for failing to allege a meritless claim of ineffective assistance of guilty-plea counsel. Accordingly, we reject defendant's argument on this point.

¶ 51                                    D. Rule 604(d)

¶ 52           Finally, defendant contends his postplea counsel failed to strictly comply with Rule 604(d) because he did not make necessary amendments to the motion to withdraw defendant's guilty plea. Although defendant acknowledges that his postplea counsel filed a facially compliant Rule 604(d) certificate, he argues the record rebuts the certificate because postplea counsel failed to present sufficient evidence to support the claims in the motion. Defendant maintains he is entitled to a remand for further proceedings because postplea counsel failed to submit affidavits or evidence in support of each of the claims in the motion.

¶ 53           The State responds that postplea counsel's Rule 604(d) certificate was not rebutted by the record. Postplea counsel filed an amended motion to withdraw defendant's guilty plea and supported his claims with an affidavit, evidence, and the testimony of defendant's guilty-plea counsel. The State concludes that the record establishes strict compliance with Rule 604(d) by postplea counsel. We agree.

¶ 54                              1. *The Applicable Law*

¶ 55           Rule 604(d) sets forth the procedure governing a defendant's appeal from a judgment entered upon a guilty plea. *In re H.L.*, 2015 IL 118529, ¶ 7. The rule imposes duties on defense counsel as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the
> attorney has consulted with the defendant either by phone, mail, electronic means
> or in person to ascertain defendant's contentions of error in the sentence and the

entry of the plea of guilty, has examined the trial court file and both the report of

proceedings of the plea of guilty and the report of proceedings in the sentencing

hearing, and has made any amendments to the motion necessary for adequate

presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 7,

2023).

¶ 56 Counsel must strictly comply with Rule 604(d). *People v. Brown*, 2023 IL App

(4th) 220573, ¶ 30. Even when counsel files a facially compliant Rule 604(d) certificate, remand

may still be required if the record shows counsel failed to comply with his or her obligations

under the rule. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36. We review *de novo* whether

counsel complied with Rule 604(d). *Id.* ¶ 30.

¶ 57          2. *This Case*

¶ 58 Defendant acknowledges the certificate filed by postplea counsel facially

complied with Rule 604(d). Postplea counsel filed an amended motion and supported it with

evidence and testimony from defendant's guilty-plea counsel. In support of defendant's defense

of property claim, postplea counsel submitted the title to the vehicle showing co-ownership by

defendant and the victim. The trial court conducted a full and fair hearing on defendant's claims

before rejecting defendant's arguments. Although defendant argues postplea counsel should have

submitted additional affidavits, we note this court has held that "[w]here postplea counsel files a

facially compliant Rule 604(d) certificate and the trial court determines after a full and fair

hearing that the defendant's claims are meritless, defects in the pleadings do not justify a remand

for further proceedings." *Brown*, 2023 IL App (4th) 220573, ¶ 50.

¶ 59 In this case, the record does not rebut postplea counsel's certification that he

consulted with defendant to ascertain his contentions of error, examined the trial court file and

the report of proceedings, and made any amendments to the motion necessary for an adequate presentation of any defects in the proceedings. Accordingly, we conclude postplea counsel strictly complied with Rule 604(d).

¶ 60                                    III. CONCLUSION

¶ 61          For the reasons stated, we affirm the judgment of the trial court.

¶ 62          Affirmed.